OVERTON, J.
The issues in this case are the same as those in the case of D. C Rose, Jr., v. Eunice Electric Theatre Co., Ltd. (No. 25544) 97 South. 322,[1] this day de *95 cided. As in the case cited, the Interstate Trust & Banking Company is the third opponent, and asserts its claim to be paid by preference over McKinney, because of its prior recorded mortgage, as it did over Rose’s claim, on the same mortgage, in the case cited.
McKinney was the foreman of construction in the erection of the theater building, and the balance due him, as shown by the evidence, is $5,142.
Unlike the Rose Case, it does not appear that McKinney’s contract was in writing; but, as stated in that ease, it is not essential to the enjoyment and preservation of the privilege that the contract, although it exceed $500, be reduced to writing and recorded. All that the law (Act 229 of 1916) requires is the timely recordation of a sworn statement of the claim, itemized as far as practicable, in the mortgage records of the parish where the property to be affected is situated; and McKinney so recorded his claim. In all other particulars the ease is the same as the Rose Case.
For the reasons here assigned, and for those assigned in the case of I>. C. Rose, Jr., v. Eunice Electric Theatre Co., Ltd. (No. 25544), it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and set aside, and that there now be judgment ranking McKinney’s claim and ‘judgment against the Eunice Electric Theatre Company, Limited, for said sum of $5,142, with legal interest thereon from February 19, 1921, and the costs of court incurred in recovering said judgment, as superior to the mortgage and judgment of third opponent, and ordering it to be paid in preference thereto out of the proceeds of the sale of said property. It is further ordered that third opponent pay the costs of this opposition in both courts.
O’NIELL, C. J., dissents.

 Ante, p. 8Í.