(97 South. 328)

No. 25541.

BERWICK v. EUNICE ELECTRIC THE-
ATRE CO., Limited.

(May 10, 1923.   Rehearing Denied July 11,
1923.)

*(Syllabus by Editorial Staff.)*

1. **Mechanics' liens ⬳3—Right of furnisher
of material to lien governed by particular
statute.**

Where sales of materials for use in con-
struction of building were made to owner of the
building, the furnisher's right to privilege on
building and ground was governed by Act No.
229 of 1916.

2. **Mechanics' liens ⬳132(4)—Statement of
indebtedness must be recorded within 45
days.**

Act No. 229 of 1916, §§ 1 and 2, contem-
plate that furnisher of materials claiming
privilege therefor shall record statement of
amount claimed and items thereof as nearly
as practicable within 45 days after acceptance
of the work, in view of section 6 as to pre-
scription, and Const. 1913, art. 186, declaring
privileges ineffective against third persons un-
less recorded.

3. **Mortgages ⬳151(3) — Mortgage held to
prime privilege when itemized statement of
claim not recorded.**

Where sales of materials for use in con-
struction of building were made by items, and
it was possible and practicable to itemize in-
debtedness, but furnisher did not record sworn
statement of amount claimed including items
as far as practicable as required by Act No.
229 of 1916, a prior recorded mortgage primed
his privilege.

O'Niell, C. J., dissenting.

Appeal from Sixteenth Judicial District
Court, Parish of St. Landry; B. H. Pavy,
Judge.

Suit by Dudley Berwick against the
Eunice Electric Theatre Company, Limited,
in which the Interstate Trust & Banking
Company filed a third opposition. Judgment
for the third opponent, and plaintiff appeals.
Affirmed.

L. Austin Fontenot, Alex M. Swords, and
John W. Lewis, all of Opelousas, for appel-
lant.

Spencer, Gidiere, Phelps & Dunbar, of New
Orleans, and Wm. A. Robertson, of Opelou-
sas, for appellee Interstate Trust & Bank-
ing Co.

OVERTON, J.   The issues in this case are
the same as those in the case of D. C. Rose,
Jr., v. Eunice Electric Theatre Company,
Limited (No. 25544, decided on April 30, 1923)
97 South. 322.[1]   As in the case cited, the Inter-
state Trust & Banking Company is the third
opponent.   The third opponent alleges that its
mortgage should be paid in preference to Ber-
wick's claim, for the same reasons that it al-
leged that this mortgage should be paid in
preference to Rose's claim, in the Rose Case,
cited above.

Berwick's claim arises from sales of ma-
terial, consisting of gravel, sand, lime, brick,
and lumber, made by him, to the Eunice Elec-
tric Theatre Company, the owner of the build-
ing that was being erected.   The claim repre-
sents the balance of the purchase price for
the material sold.   From time to time, Ber-
wick caused to be recorded, in the proper
mortgage records, affidavits showing the
amount due him on his claim, and showing
other facts, unnecessary to detail, yet in no
instance did he record a sworn statement of
the indebtedness, itemized as far as practi-
cable.   Prior to the filing of the third opposi-
tion herein by the Interstate Trust & Bank-
ing Company, Berwick filed suit on his claim
against the Eunice Electric Theatre Com-
pany, Limited, and recovered judgment there-
on.   Attached to the petition in that proceed-
ing is a complete itemized statement of the
indebtedness due, to secure which he claims
that he has a privilege priming the mortgage
of the Interstate Trust & Banking Company.
This statement shows that the sales were
made by items, and hence that it was pos-

---

[1] Ante, p. 81.

sible, and in our view practicable, to have itemized the indebtedness.

[1, 2] As the sales were made by Berwick to the owner of the building under construction, Berwick's right to a privilege as furnisher of materials, on the building and ground on which the building is located, is governed by Act 229 of 1916. Section 1 of this act grants a privilege on the building and ground to the furnisher of materials, and to others, on their complying with the provisions of the act. Section 2 requires that the one claiming a privilege under the act "shall file in the office of the recorder of mortgages of the parish in which the land is situated, a statement setting forth the amount claimed and the items thereof as nearly as practicable," and certain other information, verified by affidavit, within 45 days "after the acceptance of the work by the owner of the land. * * *" Article 186 of the Constitution of 1913, under which the act under consideration was adopted, and under which the rights of the litigants herein became fixed, provides that "no mortgage or privilege on immovable property shall affect third persons, unless recorded or registered in the parish where the property is situated, in the manner and within the time as is now or may be prescribed by law. * * *"

It will be observed from that portion of section 2 of the act of 1916, quoted above, that the section provides that the sworn statement of indebtedness, itemized as above stated, shall be filed in the office of the recorder of mortgages within 45 days from the acceptance of the work by the owner. Nowhere does the section expressly provide that this statement shall be recorded within 45 days, or at any other time, in the office of the recorder of mortgages, or elsewhere. However, section 6 of the act assumes that the sworn statement of indebtedness is required to be recorded in the office of the recorder of mortgages, for, in providing for the running

of prescription, that section provides that the right of action to enforce the privilege shall prescribe in one year from the recordation of the privilege, in the office mentioned, unless the inscription is renewed in the manner provided by law, but nowhere in the act is the time for recordation expressly fixed. However, we think that the act fairly contemplates that the sworn statement of indebtedness, itemized as above stated, which is intended to evidence the privilege, shall be recorded in the office of the recorder of mortgages within the 45 days within which the act states that it shall be filed. Under no other construction could the lien and privilege granted by the act affect third persons; yet it is among the expressed purposes of the act that the privilege granted by it should affect them.

[3] Therefore, as Berwick has not had a sworn statement of the amount claimed by him, including "the items thereof as nearly as practicable," recorded in the office of the recorder of mortgages, we are unable to hold that the privilege which he asserts primes the prior recorded mortgage of the Interstate Trust & Banking Company, but must hold that this mortgage primes his asserted privilege.

In the case of Rose v. Eunice Electric Theatre Company, Limited, cited supra, and in the companion cases of McKinney and McNaspy against the same defendant, Nos. 25543, 154 La. 94, 97 South. 327, and 25542, 154 La. 96, 97 South. 327, the sworn statements of indebtedness, recorded, were itemized as far as possible, and therefore the recordation in each of those cases, unlike the inscription in this case, complied with the requirements of Act 229 of 1916.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from, recognizing the right of the Interstate Trust & Banking Company, the third opponent herein, to be paid its said

mortgage, and the judgment procured thereon, in preference to said privilege asserted by said Berwick, be affirmed, appellant to pay the costs in both courts.

O'NIELL, C. J., is of the opinion that the case is governed by Act 262 of 1916, and that if it were governed by Act 229 of that year the judgment should be reversed.