OVERTON, J.
There is no difference between the issues in this case and those in the case of D. C. Rose, Jr., v. Eunice Electric *98 Theatre Co., Ltd. (No. 25544), decided on June 4, 1923, 97 South. 322.[1] As in the Rose Case, the Interstate Trust & Banking Company is the third opponent, and alleges that its mortgage should be paid in preference to McNaspy’s claim, for the same reasons that it alleged that’ this mortgage should be paid in preference to Rose’s claim, in the Rose Case, cited above.
MeNaspy’s claim is based on a contract entered into by him with the Eunice Electric Theatre Company, Limited, the owner of the building that was being constructed, to plaster the walls and ceilings of the building, to do certain work incidental thereto, and' to furnish the necessary material therefor.
The evidence shows that McNaspy’s contract is a written one, consisting of a written proposition to do the work and furnish the material therefor, accepted in writing by the Eunice Electric Theatre Company, Ltd., through its agent and foreman of construction, McKinney. The evidence also shows that there is due McNaspy on account of the contract a balance of $6,908.93. The record further discloses that McNaspy caused to be recorded in the mortgage records of St. Landry parish, the parish in which the property to be affected is situated, an affidavit making proof of his claim, in which is incorporated his written proposition to do the work and to furnish the material therefor, and the written acceptance of that proposition. This recorded statement of his claim is itemized as nearly -as practicable, that is, as far as the contract itself, which was recorded, itemizes the work to be done and the material to be furnished in doing the work, and this is all that the law (section 2 of Act 229 of 1916) requires, in so' far as respects the itemizing of the statement. This proof of the privilege was recorded within 45 days after the acceptance of the work done, and therefore was timely recorded under the statute-. Section 2 of Act 229 of 1916.
This case, therefore, in all essential particulars, is identical with the case of Rose v. Eunice Electric Theatre Company, Ltd., cited supra, and hence, for the reasons there assigned, McNaspy’s claim is entitled to be paid in preference to the mortgage of the third opponent, the Interstate Trust & Banking Company; and, as the judgment of the lower court does not accord to McNaspy’s claim that preference, the judgment of that court ufill have to be reversed.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and set aside, and that there now be judgment ranking the claim, and the judgment recovered thereon of said McNaspy against the Eunice Electric Theatre Company, Limited, for said ■sum of $6,908.93, with legal interest thereon from March 24, 1921, until paid, and the costs of court in recovering said judgment, as superior to the mortgage and judgment of third opponent, and ordering said judgment to be paid in preference to third opponent’s mortgage out of the proceeds of the sale of said property. It is further ordered that third opponent pay the costs of this opposition in both courts.
O’NIELL, C. J., dissents.

 Ante, p. 81.