## SCHMIDT v. LEDBETTER

(January 21, 1929. Opinion and Decree.)
(February 25, 1929. Rehearing Refused.)
(April 22, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Herbert W. Kaiser, of New Orleans, attorney for plaintiff, appellee.

Milner & Porteous, of New Orleans, attorneys for defendant, appellant.

STATEMENT OF THE CASE

GLEASON, J. ad hoc. The plaintiff sues defendant to recover the sum of $1400.00, together with interest and attorney's fees, growing out of a deposit for the purchase of real estate made by the plaintiff with L. H. Jones, agent of defendant.

The defendant answered, denying the authority of the agent to accept the deposit, and alleging that the deposit was made not with him as the agent of defendant but as the agent of plaintiff.

There was judgment for the plaintiff for the amount of the deposit, together with interest from judicial demand, but

denying the right of recovery for attorney's fees. From this judgment, defendant appeals. Plaintiff answered the appeal and prayed that the judgment be amended by allowing attorney's fees and by also allowing damages for a frivolous appeal.

## OPINION

The transaction grows out of a document dated April 14, 1926, written on a real estate form containing the usual stipulations whereby William J. Schmidt offers to purchase the property 5900 Prytania Street for a consideration of $14,-000.00, and also offers to deposit with George Danziger, real estate agent, the sum of $1400.00 on account of the purchase price. The document also contained the further stipulation signed by Jones and Schmidt that the deposit should be made with L. H. Jones instead of George Danziger, as originally provided. This agreement was accepted by L. H. Jones, agent acting for defendant herein.

The authority under which Jones acted is a written authority in the usual form employed by real estate agents, dated February 10, 1926, signed by Benjamin A. Ledbetter, and authorizing him to sell the said property for a consideration of $15,000.00, and also authorizing him to accept ten per cent deposit as a part of the purchase price, and further stipulating for the payment of commissions, etc., with the usual proviso that a lesser price should be approved by the defendant, Benjamin A. Ledbetter.

The offer of Schmidt was for a lesser amount, and this offer, therefore, required the signature of Ledbetter. This signature was had through the agency of Karl S. Ledbetter who signed for the defendant, as shown by the document dated April 15, 1926, and the agency of Karl S. Ledbetter to sign for the defendant herein is judicially admitted.

The point made and upon which the defense seems to hinge is that, notwithstanding the acceptance by L. H. Jones, as agent, of the offer of April 14th, that in the confirmation of said offer under date of April 15, 1926, whereby the lesser price was accepted by Karl S. Ledbetter, agent for defendant, L. H. Jones signed as agent for purchaser, and, therefore, that the deposit was made by him as the agent of the plaintiff and not as the agent of defendant.

We believe a reading of the documents, which must be taken as a whole, discloses conclusively that the document of April 15th was merely a confirmation by Karl S. Ledbetter, as agent for the defendant, of the acceptance by Jones of the lesser price, and that Jones was acting as the agent of the defendant by virtue of the authority vested in him by the document dated February 10, 1926.

The defendant was properly put in default by a tender to perform on the part of plaintiff.

The judgment, insofar as it holds defendant for the amount of the deposit, together with interest from judicial demand, is correct and should be affirmed.

We are not advised as to the reasons why the lower court did not allow the attorney's fees as prayed for, because the documents sued on contain express and reciprocal obligations in favor of both the promissor and promissee to pay such reasonable attorney's fees as may be incurred for a breach of the contract. The attorney's fees prayed for, to-wit, $280.00, are proven, are reasonable, and should be allowed.

We are not inclined to consider the

appeal taken herein as frivolous within the intendment of the law. The defendant is represented by able counsel, and the confusion in the documents brought about by the fact that Jones seemingly signed the document of April 15th in the dual capacity was sufficient to relieve their defense from a charge of frivolity. The law is not intended to penalize those who take an appeal in good faith and without obvious intention to impose on the time of the Court. The prayer for damages for frivolous appeal is, therefore, disallowed.

The judgment of the lower court is amended by adding thereto the sum of $280.00 as attorney's fees, with interest thereon from judicial demand, and, as thus amended, is otherwise affirmed, appellant to pay the costs of appeal.