*1052
 
 OVERTON, 3V
 

 On July 27, 1927, defendant executed by notarial act a special mortgage on real estate, in New Orleans, to secure a note for $13,580, given by him to plaintiff. Defendant erected a building on the property in 1927. No contract for the construction of the building was recorded, and no bond was required by defendant. A number of materialmen and laborers recorded liens against the property. Plaintiff, by ex-ecutory process, foreclosed its mortgage. The civil sheriff of the parish of Orleans ruled plaintiff and the various lien claimants into court for the purpose of having it determined how the proceeds of the sale should be distributed. From the judgment rendered, the Veith Supply Company, Inc., a lien claimant, for material furnished, amounting to the sum of $806.41, with interest thereon, prosecutes this appeal.
 

 On the trial of the case, it was stipulated that, “for the purposes of the trial of this case, it is admitted that the liens were filed and recorded in the mortgage office on the dates as shown by the mortgage certificate, and it is further agreed that all material and labor called for by the various lienors were furnished in accordance with the affidavits they made, there being no contest on the merits of these various liens, but it is simply a question of law as to which has preference.”
 

 The mortgage held by plaintiff was recorded July 28, 1927, and the materialman’s lien, asserted by the Veith Supply Company, the successor, we infer, of H. G. or H. J. 'Veith, who furnished the material, was recorded January 12, 1928. The building was constructed in 1927.
 

 As the building was erected in 1927, the question presented as to which is entitled to payment by preference, the mortgage or the lien, is governed by Act No. 298 of 1926. As the contract for the construction of the building was not recorded, the question presented is governed peculiarly by section 12 of that act.
 

 This section provides, among other things, that, where no contract has been entered into or recorded, as required by the statute, any person, furnishing service or material or performing any labor on the building or other work, is entitled to a lien and privilege on the building or other work and on the land on which.it rests, if such person records, within a specified time, in the mortgage records of the parish, where the work is being, or has been, done, a copy of his estimate, or an affidavit of his claim, or any writing, evidencing the same. The closing part of the section, which is the pertinent part in this case, since the existence of the lien is admitted, reads as follows, to wit:
 

 “Said lien and privilege shall be superior to all other claims against the said land and improvements except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor’s privilege, whether arising from a sale or arising from a sale and resale to and from a regularly organized homestead or building and loan association,if said vendor’s privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished ; provided, however, that the wages of a laborer for work done by him on any building, shall, when presented and recorded by him in accordance with the provisions of this act, create in his favor a lien and privilege on the land and improvements which will prime the rights of mortgagees or vendors.”
 

 One of the contentions is that the only mortgages that prime, .under any ^ circumstances, the liens of furnishers of material, are mortgages, executed in favor of homestead and building, and loan associations, and
 
 *1054
 
 therefore, as plaintiff! is not such an association, a mortgage granted to it under no circumstances primes the lien of a furnisher of material. The contention is based on that part of the foregoing quotation from section 12 of the act, reading that “said lien and privilege [referring to the lien of the furnisher of material] shall be superior to all other claims against the said land and improvements except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor’s privilege, whether arising from a sale or arising from a sale and resale to and from a regularly organized homestead or building and loan association. * * * ”
 

 The contention is not well founded. The only purpose of inserting “homestead or building and loan associations” in the statute, in this connection, was to place, expressly and specifically, vendors’ privileges, arising from sales and resales to such associations, within the exception to the general rule established in favor of the furnishers of material. It was not intended to confine the exception, in favor of mortgages, to mortgages granted to homestead or building and loan associations. What was intended and accomplished was to place, not only mortgages, no matter in whose favor granted, but also vendors’ privileges, arising from sales, no matter between whom, and vendors’ privileges, arising from sales and resales to and from homestead or building and loan associations, within the exception to the general rule established in favor of furnishers of material. That it was not the intention to confine the exception, in favor of mortgages, to mortgages granted in favor of homestead or building and loan associations is made clear, if section 12 does not make it clear, when reference is had to section 1 of the act. There the same general rule is enacted as in section 12, but the word “mortgage”, is placed after the words “homestead or building and loan associations,” which places the intention of the lawmaker beyond dispute. There the statute reads, “Which lien and privilege, if evidenced as herein provided, shall be superior to all other claims against the said land and improvements except taxes and local assessments for public improvements or a bona fide vendor’s privilege whether arising from a sale, or arising from a sale and resale to • * * a regularly organized homestead or building and loan association, or a bona fide mortgage. * * * ” Here, as stated, the placing of. the word “mortgage” after the words “homestead or building and loan associations” leaves no room to question that it was not the intention of the lawmaker to confine the exception to the general rule in favor of furnishers of material, as relates to mortgages, to those in favor of homestead associations.
 

 However, it is not all mortgages or vendors’ privileges that are permitted to come within the exception to the general rule established in favor of furnishers of material, for section 12 of the statute, after making the exception, reads, “If said vendor’s privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished. * * * ” In other words, the mortgage or vendor’s privilege does not come within the exception, unless it exists and has been duly recorded before the work or labor is begun, or before any material is furnished.
 

 The record sufficiently shows the genuineness and existence of plaintiff’s mortgage, subject to a credit of $1,908.20. It also shows that plaintiff’s mortgage was recorded in the mortgage records on July 28, 1927, the day following its execution, but whether it was recorded before the work was begun, or any
 
 *1056
 
 labor performed, or before any material was furnished, does not appear.
 

 The question is therefore presented, on whom does the burden rest of showing when the work was begun? As we have said, the statute establishes a general rule, subject to certain exceptions, giving priority to the furnishers of material over all claims against the land and improvements, omitting, of course, reference to liens for the wages of laborers, which are not involved here. Plaintiff’s only right to be paid in preference to the furnisher of material is to bring its claim within one of the exceptions, for one who contends that he comes within an exception to a genefal rule, established by a statute, must prove it. Miller v. Morgan, 6 Mart. (N.
 
 S.)
 
 86. This proof was not made by plaintiff’s showing that it had a bona fide existing mortgage recorded five months and a half prior to the recordation of the claim of the furnisher of material, for that fact does not exclude the hypothesis that the work had already begun when the mortgage was recorded, but plaintiff should have gone further and shown that the mortgage was recorded before the work or labor was begun, or any material furnished. It was as much its duty to have done so as it was its duty to have shown any other fact necessary to bring its claim within the exception, and it cannot be said that plaintiff comes within the exception, unless its mortgage was of record before the work or labor was commenced, or any material furnished.
 

 If the statute meant that the mortgage primes the furnisher of material whenever the mortgage is recorded before the claimant of the materialman’s privilege furnished any material, it probably could be held that plaintiff was relieved of establishing when the furnisher of material began furnishing it, under the rule that, where proof of a fact lies peculiarly within the power of one of the litigants, the burden of establishing the fact rests upon him.
 

 However, the statute, in this connection, does not look to the time that the claimant, asserting his privilege as furnisher of material, began furnishing it. It looks to the time when the work or labor was commenced, or any material was furnished, no matter by whom furnished. That fact may be established as easily by the mortgage claimant as by the claimant, furnishing material. Hence the burden of proof does not rest upon the materialman to show the fact under consideration. Nor does the fact that plaintiff foreclosed its mortgage, without objection by the lien claimant herein, and that the lien claimant asserted a right to a part of the proceeds of sale, by asserting his claim against such part, relieve plaintiff of the burden of proof to establish a prima facie case, entitling it to payment by preference. The lien claimant was not even a party to the foreclosure. The foreclosure has no bearing on the issue here presented.
 

 The admission found in the record makes full proof of the claim of the furnisher of material and of the timely recordation of its privilege, and, as plaintiff has failed to bring itself within the exception, entitling it to priority, the lien claimant is entitled to payment by priority over plaintiff.
 

 The trial court rendered judgment recognizing plaintiff’s priority. The judgment will have to be amended in that respect.
 

 For the reasons assigned, the judgment appealed from is amended by ordering that the lien claimant, the Veith Supply Company, Inc., be paid by preference over plaintiff, the Hortman-Salmen Company, Inc., and, in all other respects, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., concurs in the result.
 

 THOMPSON, J., dissents.