(132 So. 124)

**CITY SAV. BANK & TRUST CO. v. WHITE.**

No. 30612.

Dec. 1, 1930.

Rehearing Denied Jan. 5, 1931.

Cook & Cook and C. D. Egan, all of Shreveport, for appellant Mosher Machinery Co.

Melvin F. Johnson, of Shreveport, for appellant Beaird Corporation.

Blanchard, Goldstein, Walker & O'Quin, Ben E. Coleman, and Thatcher, Browne, Porteous & Myers, all of Shreveport, for appellee.

BRUNOT, J.

The plaintiff foreclosed a mortgage for $47,000, executed by the defendant, and bearing upon the property particularly described in the petition.

The Beaird Corporation, of Shreveport, La., and the Mosher Machinery Company, of Dallas, Tex., intervened, and claimed to be paid, by preference, out of the proceeds of the sale of the property, the amount of the respective sums due them as furnishers of materials that went into the construction of the improvements on the mortgaged property.

The trial judge held that the interveners' claims were not recorded timely, and he rendered judgment rejecting their demands and ordering that the proceeds, realized from the sale of the property, be paid to the plaintiff. Both interveners appealed.

If it be found that appellants' claims were not recorded timely, or that plaintiff's mortgage was recorded before any materials had been furnished or work done upon the building, appellants' liens are inferior in rank to the plaintiff's mortgage, and no further consideration of the issues presented is necessary.

The interveners concede that the rights of the respective parties to this litigation are governed by section 12 of Act No. 298 of 1926. The pertinent part of section 12 of said act is as follows:

"When the owner, or his authorized agent, undertakes the work of construction, * * * or reconstruction, for the account of the said owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required by this act, then any person furnishing service or material or performing any labor on said building or other work may record in the office of the Clerk of Court or Recorder of Mortgages in the parish in which said work is being done or has been done a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, *if done within sixty*

*days after the date of the last delivery* of all material upon said property or the last performance of all services or labor upon the same, *by said furnisher of material or* said laborer, shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work of improvement, as his interest may appear." (Italics by the court.)

The evidence in this case shows, to the degree of reasonable certainty, that no material was furnished upon the job prior to the recordation of the plaintiff's mortgage upon the property. The attempt to show that the intervener Mosher Machinery Company furnished a small quantity of bolts, which were used on the job, prior to the recordation of the mortgage, is of no consequence. It appears that the bolts were ordered from the Mosher Machinery Company prior to the recordation of the mortgage, but they were actually furnished by the Buckelew Hardware Company, of Shreveport, thereafter.

On the facts found, the judgment appealed from is correct, and it is therefore affirmed at appellants' cost.