(133 So. 364)

## McCUTCHEN v. MONTGOMERY REALTY CO., Inc.

No. 30913.

March 2, 1931.

Thatcher, Browne, Porteous & Myers, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee Elliott Electric Co., Inc.

ROGERS, J.

The plaintiff, M. A. McCutchen, instituted foreclosure proceedings against the Montgomery Realty Company, Inc., on a promissory note for $10,000, interest and attorney's fees, secured by mortgage on certain real estate situated in the city of Shreveport. In this proceeding the Elliott Electric Company, Inc., intervened, claiming to be a judgment creditor of the defendant, Montgomery Realty Company, Inc., for $375, interest and costs, with recognition of its lien and privilege on the property in question, which lien and privilege it alleged was superior to the mortgage held by the plaintiff. The court below rendered judgment in favor of the intervener, and the plaintiff appealed.

The case is governed by Act 298 of 1926. The lien and privilege claimed by the intervener and recognized in its judgment against the defendant Montgomery Realty Company, Inc., is for material and labor furnished on the property seized under the process invoked herein by the plaintiff.

Section 12 of Act 298 of 1926 makes the lien and privilege created by the act superior to all other claims, "except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor's privilege, whether arising from a sale or arising from a sale and resale to and from a regularly organized homestead or building and loan association, if said vendor's privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished."

Therefore the question presented is solely one of fact, namely, Was the work or labor begun and material furnished by the intervener prior to the recordation of the mortgage held by plaintiff?

Plaintiff's mortgage was recorded on September 14, 1928, at 10:53 a. m. Intervener assumed the burden of showing that, through its employees, it began work and furnished material on the mortgaged property on September 13, 1928, at 8 o'clock in the morning. The judge of the district court found that intervener had successfully discharged its burden of proof, and, after an examination of the record, so do we.

Five witnesses testified relative to the disputed point, two on behalf of intervener and three on behalf of the plaintiff. The intervener's witnesses were Mr. Camus and Mr. Smith, two of its employees. Both testified positively that the work on the mortgaged property was actually started by Mr. Camus for account of intervener at 8 o'clock on the morning of September 13, 1928. Their testimony in this respect is supported by the work

'tickets· or work checks, which, according to the usual course of intervener's business, were made out daily by Mr. Camus and checked daily by Mr. Smith, as intervener's foreman of construction. Plaintiff's witnesses were Mr. E. C. Montgomery, the principal owner of the defendant company, Mr. Oden, the original mortgagee, and Mr. J. A. Montgomery, who worked as a carpenter in the construction of the defendant company's building. None of these witnesses was able to positively fix the day on which the intervener had begun its work on the mortgaged premises. Their testimony, on the whole, reflected nothing more than their individual opinions, or· conjectures, that on September 13, 1928, the building was not far enough advanced towards completion to permit the beginning of the electrical work thereon.

The positive evidence submitted by the intervener that it had actually begun its work on the mortgaged property on September 13, 1928, one day prior to the recordation of the mortgage, overcomes plaintiff's theory based on mere opinions or conjectures that the work in question was not begun until some time after plaintiff's mortgage had been recorded.

For the reasons assigned, the judgment appealed from· is affirmed at appellant's cost.