## UVALDE ROCK ASPHALT CORPORATION v. CANAL BANK & TRUST CO. et al.

### No. 6257.

Circuit Court of Appeals, Fifth Circuit.
May 25, 1932.

Henry B. Curtis, of New Orleans, La., for appellant.

Monte M. Lemann, Edwin T. Merrick, R. J. Schwarz, and Morris B. Redmann, all of New Orleans, La., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Into a proceeding against the New Orleans Pontchartrain Bridge Company for debt, foreclosure, and the appointment of a receiver came appellant by intervention asserting the primacy of its materialman's lien and asking "to be paid the amount of its claim in preference to all other creditors of the company, including the holders of bonds secured by mortgage on the bridge." In an alternative prayer it asked that should its claim for preference be denied, it be allowed to remove the road surface which it had laid. It prayed for notice upon the Canal Bank & Trust Company, trustee of the bondholders, and for judgment in accordance with its claims.

From the order sustaining the motion of the Canal Bank to dismiss the intervention of appellant and denying the relief prayed for to the extent that it asserted a preference over the mortgage, and in the alternative the

right to remove its paving from the bridge, this appeal is prosecuted.

No point is made here against the denial of the alternative plea. The sole question is whether the intervention shows the primacy of appellant's lien. We think it quite plain that it does not do so. The case made by the intervention is simply this: That the intervener has against its debtor, the bridge company, a valid material man's lien upon the bridge, which under section 1, Act No. 298 of 1926 statutes of Louisiana is superior to all other claims against the bridge but those excepted by the statute, among which are "bona fide mortgage, provided said mortgage * * * exists and is recorded before the work or labor is begun or any material is furnished."

The intervention goes no farther than this. For all that appears there the mortgage which it seeks to have its claim preferred to existed bona fide, and was recorded before work or labor was begun or any material was furnished on the bridge. Appellant having actively intervened for the purpose of asking affirmative relief against the mortgage bonds, it was incumbent upon it, in order to obtain such relief, to allege facts which would show its primacy over the mortgage which it was seeking to rate. McCutchen v. Montgomery Realty Co., 172 La. 64, 133 So. 364.

This is the counterpart of the case of Hortman-Salmen Co. v. White, 168 La. 1055, 123 So. 709, relied upon by intervener as requiring the mortgage holders to plead and prove facts showing their primacy. There the mortgage holders seeking affirmative relief against the lien as actors were correctly held to the requirement of pleading and proving that they were entitled to the preference claimed. Here the shoe is on the other foot. Standing silent as they did, the mortgage holders had the right to test intervener's primacy on the facts which it alleged.

Appellant and appellee in brief and argument seek to treat the matter as though the intervention, which was dismissed on motion, disclosed facts which appear in the record by stipulation, made only after the motion to dismiss was sustained and the record was being prepared. None of these matters pressed so vigorously in argument appear in the pleadings. For all that appears there the bridge was built on land owned by the bridge company. Nor is the intervention any more informative as to the accrual and recordation of the mortgage.

Since the intervention on its face stated no cause of action, it would be but speculation for us to determine whether, if it had pleaded the facts which are set out in the stipulation and in excerpts from the mortgage which appear in the record as the result of the stipulation, intervener would have bettered itself, and we do not do so. We merely hold that one seeking an affirmative judgment giving its lien primacy under section 1, Act No. 298 of 1926 statutes of Louisiana, must plead and prove facts showing it so entitled, and that the intervener has not done this.

The judgment is affirmed.