After opinion had been prepared in this case, the appellant, Robert J. Newson, filed motion to dismiss the appeal or remand the case for further proceedings on the ground that the questions raised and tendered for decision in the case on its merits had, since the case was argued and submitted, become moot. The basis of the motion, as reflected from the allegations thereof, is that Lot No. 188 of the Cedar Grove sub-division to the City of Shreveport, on which appellant herein has two special mortgages, and against which plaintiff, appellee, is asserting material man's lien and privilege, allegedly superior to defendant's mortgages, had been recently sold in foreclosure proceedings on a mortgage that in rank primed said asserted lien and privilege and also defendant's mortgages. The conclusion to be drawn from these allegations is that the lot above described may no longer be proceeded against by the parties to the present litigation since it has been sold under a mortgage superior in rank to the claims of each.
The allegations of the motion were verified by affidavit of the mover. Appellee, through counsel, answered the motion and denied the allegations of fact therein set forth. This answer is also verified by affidavit.
It is manifest that a serious difference exists between the appellee and appellant, Newson, as to what happened and the legal effect thereof in the foreclosure described in the motion.
While it is true, as said in Ruffo et ux. v. Marcotte,161 La. 147, 108 So. 316, 317, that courts "do not sit to decide moot and abstract propositions, either of law or of fact, but only actual controversies at issue between interested parties", it does not clearly appear that the questions submitted for decision in the instant case are definitely moot. In the Ruffo case the judgment debt involved was paid during pendency of appeal, but not the cost. The court declined to dismiss the appeal as tendering a moot question since the cost had not been paid. And, so it is in the present case.
If, for no other reason, dismissal of the appeal does not lie on the ground that the questions tendered therein are moot, because liability for costs remains to be determined.
We do not feel warranted in remanding the case in order to take testimony on the issue raised by the motion and answer thereto. Such a course would necessarily prolong final decision in the case and also *Page 640 
incur additional cost, both of which always should be avoided if possible.
The motion is denied in all respects.
 On the Merits.
The primary question tendered for decision in this case is whether mortgages held by the defendant, Robert J. Newson, against lots in the City of Shreveport, Louisiana, formerly owned by Ogden A. Young, prime the material man's lien of the plaintiff, which was registered subsequent to registry of said mortgages.
On and prior to October 10, 1947, Ogden A. Young owned unimproved lots Nos. 188 and 189 of the Cedar Grove sub-division in the City of Shreveport, Louisiana. On that date he and his wife executed a mortgage on said lots to Newson for $2,750.00 to secure payment of a note for that amount, due in ninety days. And on November 29, 1947, Young and his wife executed to Newson another mortgage on said lots for the sum of $1,100.00 to secure payment of a note for that amount, due January 10, 1948. It is declared in both mortgages that the money advanced on said notes was to be expended in the construction of improvements on the said lots. Both mortgages were promptly recorded in the records of Caddo Parish.
It appears that while improvements were being placed on one of said lots, plaintiff herein sold and delivered to Ogden A. Young, at the locus of the improvements, building material of the value of $926.69 that was used therein. The first delivery of this material was on August 6th, and the last was on December 18, 1947. Evidence of the lien asserted by plaintiff was recorded January 13, 1948. On January 6, 1948, Ogden A. Young sold and conveyed the lots with improvements thereon to Benjamin R. Young, the price of the sale being $2,000.00 cash, and the assumption by the purchaser of the two mortgages to Newson.
Newson filed foreclosure proceedings on his mortgages in the District Court of Caddo Parish and thereafter, on January 16, 1948, plaintiff instituted suit to foreclose its lien and impleaded as defendants, Newson, Ogden A. Young and his wife, and Benjamin R. Young. It is prayed therein, inter alia, that the asserted lien be recognized and decreed to be superior in rank and to prime the Newson mortgages. Personal judgment is asked against Ogden A. Young and his wife for the price of the material sold to him.
Of the several defendants, Newson only made appearance and resisted the suit. He first filed and urged exceptions of no cause and no right of action. These were referred to the merits and finally overruled. His answer to the merits is in the nature of general denial.
The case was tried and submitted on March 2, 1948. On the 31st of March, prior to judgment being rendered, Newson filed a plea attacking the constitutionality of Act 298 of 1926 and other acts relating to a material man's liens "insofar as subsequently recorded liens, filed after a valid mortgage has been foreclosed upon by executory process, are concerned". The plea also states that said acts violate article 19 of section 19 of the Constitution, as amended by the adoption of Act 35 of the year 1938. This plea of unconstitutionality was not passed upon nor mentioned by the lower court in its written reasons for judgment.
There was judgment against Ogden A. Young for the price of the building material with recognition of the asserted lien against lot 188 and the improvements thereon. The judgment decreed said lien to be superior in rank to the mortgages to Newson, and ordered sale of the lot with improvements to pay the amount of the lien. Newson appealed.
It developed on trial that none of the improvements were placed on lot 189 and, for this reason, it was held that the asserted lien did not affect that lot.
The exceptions are predicated upon two legal propositions, the first being that as executory proceedings had been filed by Newson the lien holder should have intervened in those cases and asserted therein its alleged superior rights and not have instituted an independent action to have the same recognized and enforced; and, secondly, that the evidence of the purported *Page 641 
lien, as recorded, was inadequate to serve as such and did not meet statutory requirements.
It is provided in Section 12 of Act 298 of 1926 that in addition to the lien therein created, the material man has a personal action against the owner for the price of material sold and delivered to him. This necessarily implies that in a suit to enforce the lien the holder thereof has the right to ask for personal judgment on his claim, as was done in the present case. This being true, the course adopted by the plaintiff appears free from reasonable legal objection. Anticipating that a controversy would arise between it and Newson, the mortgage holder properly impleaded Newson as a party defendant in order to give him opportunity to assert his rights under the mortgages and to tender the issue of their rank as against the lien, and he did so. We have not been cited to any law that would preclude plaintiff from proceeding as it did. Had it not made Newson a party to the suit, Newson would have found it necessary to come into the case by third opposition, either before judgment or after judgment, when the property had been seized and advertised for sale to pay the lien.
We are of the opinion that the second (asserted) predicate of these exceptions is equally unfounded. To effectively preserve the lien authorized by the 1926 act it is only necessary that a copy of the estimate or an affidavit of the claim or any other writing evidencing same be recorded. Prior acts dealing with this subject required that the items making up the claim, inter alia, be included in the record. It is clear that under the 1926 act this is not necessary to the preservation of the lien as to third persons. In the present case the registered evidence of the lien is in the form of a bill against Ogden A. Young, sworn to by plaintiff's manager. Therein it is stated that building material had been purchased by Young and delivered on said lots, beginning August 6, 1947, and ending December 18, 1947, which was used in the erection of improvements on the lots. The lots are accurately described in said bill. It was also stated therein that the price of said material, after allowing credit for that part returned, was $926.69. It is further stated in the bill that the seller had a lien and privilege on the lots and improvements to secure payment of the debt, and that the affidavit was subscribed to and registry of the instrument made to preserve said lien. All of this, we think, met legal requirements.
The case of Berwick v. Eunice Electric Theatre Company, Ltd.,154 La. 99, 97 So. 328, cited and relied upon by defendant, arose under Act No. 229 of 1916, which required that the registered evidence of the lien contain the items of material sold and delivered to the owner or contractor. It was held in City Savings Bank Trust Co. v. White, 171 La. 727,132 So. 124, that since no material had been furnished prior to recordation of the mortgage, the lien asserted in that case was inferior in rank to the mortgage. The 1926 Act was then in effect. Under opposite state of facts, the contrary was held in National Homestead Association v. Graham, 176 La. 1062, 147 So. 349.
Defendant also cites and relies upon Hortman-Salmen Company, Inc. v. White, 168 La. 1049, 123 So. 709, wherein in a contest between a mortgagee and material lienors, it was held that the mortgage was superior in rank to the lien. However, it was first found and held that the mortgage was duly recorded before any material was furnished and delivered on the building site.
We are of the opinion that the ruling of the lower court on the exceptions is correct.
To prove the correctness of the material account sued on and that the material was delivered to Young on the lot site and used in constructing the improvements thereon, plaintiff called Young as a witness. His testimony definitely established plaintiff's contentions.
In this court appellant argues that the testimony of Young, a co-defendant, should not be considered and accepted as against him, Newson. No objection to the testimony on this ground was made at the time it was given, and in addition, defendant, without reservation, interrogated the witness to some extent concerning the matters about which he testified in chief. Defendant does not challenge the truth of the *Page 642 
testimony of Mr. Young but insists that his testimony is not adequate to prove the verity of the lien; that as he is a co-defendant, what he testified to concerning these matters should not be weighed against appellant. We have been cited to no authority to support this position, and we are of the opinion that it is not well founded as a legal proposition. In addition, since defendant, without reservation, crass examined Young and elicited from him testimony that goes far toward supporting plaintiff's contentions, he cannot now escape the probative effect of such testimony.
We are not certain that the plea of unconstitutionality is properly before us. It was filed below after the case was closed and submitted for decision. It is not shown that the plaintiff was apprised of the filing when done. The plea is not mentioned in its brief in this court. However, as no objection has been tendered to us considering the plea, and as we believe it to be without merit, we shall pass on it.
Section 19 of Article 19 of the Constitution of 1921, so far as pertinent to the present discussion, reads:
"No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time prescribed by law * * *."
Certain privileges are excepted from the operative effect of this section of the organic law, but a privilege of the character involved herein is not one of them. This section was amended by the adoption by the people of Act 35 of 1938, but the original language, quoted above, was to no extent changed thereby.
It is readily observed from the unambiguous language of this section that for any privilege, not excepted therefrom, to affect immovable property and third persons, evidence thereof must be recorded "in the manner and within the time fixed by law."
Ogden A. Young, the owner, did not contract with anyone to construct the improvements that were placed on lot 188. He, with the aid of other laborers, performed all of the work.
Section 12 of Act 298 of 1926 is the statutory law applicable to the facts of this case. We here quote those portions of said section pertinent to the question now before us, to-wit:
"When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the said owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required by this act, then any person furnishing service or material or performing any labor on said building or other work may record in the office of the Clerk of Court or Recorder of Mortgages in the parish in which said work is being done or has been done a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, if done within sixty days after the date of the last delivery of all material upon said property or the last performance of all services or labor upon the same, by said furnisher of material or said laborer, shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work of improvement, as his interest may appear.
* * * * * *
"Said lien and privilege shall be superior to all other claims against the said land and improvements except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor's privilege, whether arising from a sale or arising from a sale and resale to and from a regularly organized homestead or building and loan association, if said vendor's privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished".
It is made indispensable to the potency of a material man's lien that "a copy of his estimate or an affidavit of his claim or any other writing be recorded within sixty days" after the date of the last delivery of material upon said property. It is shown that the last delivery of material *Page 643 
upon the property involved in this case was December 18, 1947, and that the evidence of the lien was registered in the mortgage records January 13, 1948, which was well within the sixty days after last delivery of said material. Therefore, the requisites of Section 19 of Article 19 of the Constitution that evidence of the lien be recorded in the parish where the property is situated, "in the manner and within the time prescribed by law" have been complied with. On this score, Act 298 of 1926 tracks the constitutional provision and, therefore, is free of objection from a constitutional standpoint. Pertinent to this discussion, see Gleissner et al. v. Hughes, Sheriff et al., 153 La. 133, 95 So. 529, wherein it was held:
"Const. 1913, art. 186, providing that no mortgage or privilege shall affect third persons unless recorded or registered in the manner and within the time prescribed by law, leaves it to the Legislature to determine the manner and time within which liens and privileges for labor and materials shall be recorded to bind third persons such as mortgagees."
Plaintiff having complied with the mandatory requirements of said act, the lien asserted by it is valid and effective as against the lot and the improvements placed thereon by Young. And, since Newson's mortgages were executed and registered subsequent to deliveries of material by plaintiff on the lot, the lien primes and is superior in rank to them.
The law, with respect to the effect and the rank of a material man's lien as against a mortgage on a particular piece of property, is more generous toward the mortgagee than it is with respect to liens of laborers on the same property. A laborer's lien, under the express provisions of the mentioned act, primes all mortgages and vendor's liens, regardless of the time of their registry, whereas as regards material men the lien does not prime mortgages and/or vendor's liens registered prior to delivery of material on the ground. This gives the mortgagee an opportunity to protect himself by simple inspection of the ground where the contemplated improvement is to take place. If he finds building material on the ground and advances money thereafter on mortgage security against the ground and the contemplated improvement, he does so at his own risk.
Appellant also complains of the judgment in that it cast him in solido for costs. As to this, the judgment reads: "Defendant to pay all costs". There were four defendants, and the quoted language, it is clear, includes all of them, although the real issue of the case was confined to plaintiff and Newson; and this being true, we perceive no good reason why, since the appellant lost below, he should not bear some of the costs necessarily incurred as a result of the issues raised by him.
In answer to the appeal, appellee charges that it is frivolous and prays that appellant be condemned to pay to it the penalty provided by law in such a case. In view of the defenses, contentions and arguments of the appellant, reflected from the related facts and history of the case, we are clear in the opinion that the appeal should not be rated as frivolous. It cannot well be concluded from the record that the appeal was prosecuted in bad faith. See: Schmidt v. Ledbetter, 10 La. App. 337, 119 So. 573; Jung et al. v. Gwin et al., 176 La. 962,147 So. 47.
For the reasons herein assigned, the judgment from which appealed is affirmed with costs. *Page 644