PIARDY, Judge.
This is an action via executiva instituted by plaintiff Bank on a mortgage note. The property mortgaged as security for the note was purchased at Sheriff’s sale by the L. E. T. Lumber & Hardware, Inc., and out of the purchase price plaintiff was paid the amount of its claim on the note and the balance of the price bid was retained in the hands of the Sheriff. Subsequent to these proceedings, the L. E. T. Lumber & Hardware, Inc. intervened in the suit, asserting a materialman’s lien and privilege on the mortgaged property. The original petition of intervention was later amended and supplemented, and in addition to its prayer for recognition and enforcement of its lien, intervenor further prayed that the Bank of Morehouse be required “to return a sufficient sum out of the amount received to satisfy all unpaid liens and privileges against the property.” Other interventions were asserted by a number of lienholders, who prayed for the same nature of relief. After trial there was judgment recognizing the liens asserted, and further judgment ordering the Bank of Morehouse to deposit in the custody of the court a sufficient amount to satisfy the liens recognized in the judgment, together with all costs. From this judgment the plaintiff Bank has appealed.
The first issue presented by this appeal relates to the asserted error on the part of the district court in holding the liens of the intervenors to be superior in rank to the mortgage held by the plaintiff *621 Bank. In this connection, the record establishes the fact that the mortgage involved was executed and recorded on September 10, 1963. However, it is also established that certain work had been performed upon the mortgaged property on or before September 9, 1963. This work, which was done at the instance of Williamson Builders, Inc., owner and mortgagor, consisted of the cutting of brush and grass, the digging of a drainage ditch some ten feet in width and 50 to 60 feet in length, and the moving of the dirt excavated from the ditch to a position, upon which the forms were to be laid for the foundation of the construction of a house. There is also some testimony that a small amount of form material, insignificant in quantity and value, was placed upon an adjacent lot preparatory to its use on the mortgaged property.
The statutory provisions governing ranking of liens and mortgages are found in LSA-R.S. 9:4812 and 9:4801 (C). The provision in the first cited section is that liens are superior to all other claims against the lands and improvements except, inter alia, a mortgage which “exists and has been duly recorded before the work or labor is begun or any material is furnished * The provision in the other section of the statute is to the effect that the mortgage is superior when it “has been recorded and the note delivered to the lender before any work or labor has begun.”
In Hortman-Salmen Co., Inc. v. White, 168 La. 1049, 123 So. 709, the Supreme Court had under consideration the ranking of mortgages and liens governed by Act No. 298 of 1926, the provisions of which, for the purpose of determining the issue under consideration, were identical to those incorporated in the Revised Statutes of 1950, to which reference is made above. Specifically, the court, in construing the following statutory provision:
“If said vendor’s privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished * * * ”
held as follows:
“In other words, the mortgage or vendor’s privilege does not come within the exception, unless it exists and has been duly recorded before the work or labor is begun, or before any material is furnished.”
The above pronouncement would appear to dispose of the issue here presented. However, it is urged on behalf of plaintiff that the work actually performed was not of such a substantial or conspicuous character as to be reasonably apparent, and, therefore, even if performed before the actual execution and recordation of the mortgage, should not be considered as sufficient to establish the superiority of labor and material liens. This argument would reduce the determination of the ranking of claims against the property to a question of the extent of the work performed or materials furnished. We find no support for this proposition in the wording of the statutes. Appellant relies upon American Bank & Trust Co. v. Phillips (La.App. 3rd Cir., 1961), 130 So.2d 750, and specifically the following quotation from the opinion of the court:
"Actually the evidence does not show that the scrap lumber or the few pieces of pipe or the very small amount of gravel were located on the lots in question before February 20, 1957, nor that the small amount of leveling work had been done on Lot 5, but even if they had, they were not of a sufficiently substantial and conspicuous character to make it reasonably apparent to the mortgagee that construction had actually commenced.” (Emphasis supplied)
In view of the above emphasized portion of the quotation, it is obvious that the conclusion upon which appellant relies is pure-obiter, and, therefore, does not constitute *622 a pronouncement which can be considered as authoritative. However, we find a further ground for rejecting the argument advanced. It must be concluded from the wording of the obiter declaration of tire court in the cited case that its emphasis upon the degree and character of work performed was intended for the protection of a mortgagee who might inspect the property-prior to accepting the security represented by the mortgage as being superior to any possible lien claims. This is emphasized by what is referred to as the General Rule from 57 C.J.S. Mechanics’ Liens § 200, p. 755, to which reference was made in the court’s opinion in the cited case, reading as follows:
“In order that a particular date may be fixed as that on which the building was commenced, within the meaning of the foregoing rules, it is necessary and sufficient that, on such date, there shall have been done work of such a substantial and conspicuous character as to make it reasonably apparent to the mortgagee that the building has actually commenced.” (Emphasis supplied)
Reference to this point was made by this Court in the opinion in Highland Lumber & Supply Company v. Young (2nd Cir., 1949, writs denied), 38 So.2d 638, which stated that a mortgagee has an opportunity to protect himself by simple inspection of the ground where the contemplated improvement is to take place.
In the instant case there is not the slightest indication that the mortgagee made or attempted to make any inspection of the premises prior to the execution of the mortgage for the purpose of determining whether any work had been performed or materials furnished. It follows that under the facts of the case before us the question is academic and has no practical relevancy.
Some argument is devoted to the question of the burden of proof. We think it unnecessary to make a pronouncement on this point or to cite the authorities, pro and con, since we have found, as early noted in this opinion, that the record conclusively establishes that the work described was performed prior to the execution and recordation of the mortgage. For this reason, the issue as to burden of proof has no material bearing or effect.
The second specification of error is urged to that portion of the judgment which ordered the Bank to deposit in the custody of the court sufficient money to satisfy the liens of the intervenors recognized and fixed by the judgment.
Counsel for appellant contends that under the provisions of LSA-C.C.P. Article 1092 the interventions of the lienors should have been filed prior to the distribution by the Sheriff of the proceeds of the sale of the seized property, and that since such distribution was already consummated, the in-tervenors should be estopped from making further claim. There is no ground for application of the doctrine of estoppel in the instant case since such a defense must be specially pleaded; LSA-C.C.P. Article 1005.
It is further to be noted that appellant’s objection, if any, should have been raised in limine and failure so to do constitutes acquiescence in the procedure followed by intervenors.
Payments made in error as to the respective ranking of mortgage and lien claims are recoverable; Meyer v. Texas Lumber Co., Inc. (La.App. 2nd Cir., 1933), 150 So. 407; Norvell v. Crichton (La.App. 4th Cir., 1963), 150 So.2d 621.
Since the lienors in the instant case would be entitled to recover the amounts of their respective claims by separate and direct actions against the Bank, we can perceive no logical reason for denying the same rights to assertion and recovery of their claims in this proceeding.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.