ON THE MERITS—
Turning now to the appeal of Bailey, we find it to be based on the contention that some work had been done on the property in question prior to the recordation of the mortgage sued on herein. The record reveals that Earl L. Price, and his son, both of whom were employed by defendant, went to the job site at about 12:30 on the day the mortgage was executed. The mortgage itself was filed for the record at 12:44 p. m. that day. Mr. Price testified that there was no one at the site, and no material there. He testified that he sent his son back to another site to get some stobs, and he began looking for the corners of the lot. He was able to locate a couple of them, and was still engaged in looking when Mr. Kent, defendant’s supervisor appeared on the job site. All parties concede that Kent arrived after the mortgage had been recorded.
The attorney who closed the loan testified that he did not tell Mr. Eanes, the defendant, that construction could begin on the lot until after the mortgage was recorded. Mr. Eanes testified that he did not authorize Mr. Kent to begin work until after he received his attorney’s call. Mr. Kent testified that no work was done until he went down to the job site, where Mr. Price was waiting, after Mr. Eanes told him to begin construction. He stated that he had given Price no instructions except to meet him at the site after lunch.
Appellant showed on the trial of the rule that no funds were advanced to Mr. Eanes until after substantial work had been done on the lot. It is claimed that the mortgage was without effect until such time as funds were advanced, and that, since work had been done, the lien would prime the mortgage
The law is clear that a bona fide mortgage which is recorded before any materials are furnished or any labor performed on a job primes the privileges enjoyed by materialmen. R.S. 9:4801 and 9:4812. There does not appear to be any requirement in our statutory law that the work done or material furnished be substantial or apparent. However, in the case of American Bank & Trust Co. v. Phillips, 130 So.2d 750 (La.App., 3 Cir., 1961) the following rule was adopted, as set forth in 57 C.J.S. Mechanics’ Liens § 200, p. 755:
“ ‘In order that a particular date may be fixed as that on which the building was commenced, within the meaning of the foregoing rules, it is necessary and sufficient that, on such date, there shall have been done work of such a substantial and conspicuous character as to make it reasonably apparent to the mortgagee that the building has actually commenced, * * * f »
*166 The question was discussed in Bank of Morehouse v. Williamson Builders Inc., 169 So.2d 619 (La.App. 2 Cir., 1964), in which case it was pointed out that the above declaration by the Third Circuit was pure dicta, and therefore does not constitute a pronouncement which can be considered as authoritative.
It does, however, seem reasonable that a lender should be in the position to protect his investment, and that he would not be in a position to do so if non-apparent work on some construction project performed prior to the recordation of his mortgage would cause it to become subordinate to materialmen’s liens. We do not feel that the test should be whether such an inspection is actually made, but rather, would such an inspection, if made, reveal that work had already begun. Certainly, the presence of materials on the lot, or the beginning of excavation, however minor, would be sufficient to warn a prospective lender.
In this case, no attempt to begin construction was made by Mr. Eanes, who was the builder, until after he was told that the mortgage was of record. He then advised Mr. Kent that he could begin construction and Mr. Kent then left to visit the site. Mr. Price, who was Mr. Eanes’ employee, had been given no instructions relative to the start of construction, and was told only that he was to meet Mr. Kent at the site after lunch. We do not believe that the fact that he may have, without authority, searched for the corners of the lot, constitutes work within the meaning of the law, under the circumstances existing in this case.
However, appellant further claims that since no funds were advanced by plaintiff until after construction had commenced, the mortgage was not effective when work began, and the claims of materialmen would still prime the mortgage. This contention is refuted by the provisions of R.S. 9:4801 (C), which reads as follows:
When a mortgage note has been executed by the owner of the immovable for the purpose of securing advances to be made in the future, and the mortgage has been recorded and the note delivered to the lender before any work or labor has begun or material béen furnished, or before the recordation of a building contract, the amount of the advances made thereafter shall be deemed secured by the mortgage in precedence to and with priority over any of the claims had under the privileges conferred by Sub-Section A of this Section, except as stated in SubSection D hereof.
Appellant further claims that there was no delivery of the note prior to beginning of work as required by the above statute. The mortgage, which is in evidence, shows that plaintiff was represented therein by Shirley Bartlett, and that the note was delivered to plaintiff through her, and that she acknowledged receipt thereof. Mr. G. T. Owen, III, who passed the mortgage, testified that Miss Bartlett was his secretary, and that Pringle knew that she, or someone else, would be designated to receive the note on their behalf, and that she had acted in the same capacity on many-occasions before. There is no testimony in the record to contradict the foregoing.
We feel that there has been shown a delivery .of the note to plaintiff’s agent prior to the beginning of work on the job herein.
For the above and foregoing reasons, we are of the opinion that the judgment appealed from is correct, and it is accordingly, affirmed at appellant’s cost.
Affirmed.