426 So.2d 260 (1983)
Dorothy James ARAMBURO, et al.
v.
The TRAVELERS INSURANCE COMPANY, et al.
No. 12921.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
Rehearing Denied February 24, 1983.
*261 J. Paul Demarest, Favret, Favret, Demarest & Russo, New Orleans, for plaintiffs-appellants.
Richard Creed, Jr., Owen, Richardson, Taylor, Mathews & Atkinson, Baton Rouge, for defendants-appellees.
Before REDMANN, C.J., and LOBRANO and WARD, JJ.
REDMANN, Chief Judge.
The Louisiana insurance statute, at R.S. 22:1406D(1)(a), provides that
No automobile liability insurance ... shall be delivered ... with respect to any motor vehicle registered ... in this state unless coverage is provided therein ..., in not less than the limits of bodily injury liability provided by the policy, ... for the protection of persons insured thereunder who are legally entitled to recover damages from ... operators of uninsured or underinsured motor vehicles because of bodily injury ...; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits.
Thus the basic rule of the law is that the policy must have UM coverage in the amount of the bodily injury limits. The ordinary rule of burden of proof is that one who claims the benefit of an exception to the general law must show that he or she comes within the exception; Hortman-Salmen Co. v. White, 168 La. 1049, 123 So. 709 (1929).
Defendant Louisiana Insurance Guaranty Association (for Reserve Insurance Company, now insolvent) contends that the statute requires writing only for total rejection of UM coverage and not for selection of limits (but see International Ins. Co. v. Masur, 404 So.2d 1313 (La.App. 2 Cir.1981) writ denied (La.), 407 So.2d 733). It remains, however, the insurer's burden to prove either rejection or else selection of lower limits if the insurer is to escape the statutory obligation that its policy shall contain UM coverage equal in amount to its bodily injury coverage.
The evidence in this case is that the application offered to the insured listed on its face "liability only" with three choices of limits; "package programliabilityphysical damage" with three choices of limits (our insured selected "50/100/25") and a blank for deductible; and "optional coverages" with three blanks. (Into those blanks were handwritten "uninsured motorists, passenger liab. [and] increased liability," with premium amounts in the premium column of the form, but no limits shown). It may be quibbling to suggest that uninsured motorist coverage is not "optional" in Louisiana, and that the "option" is rejection or reduction of coverage. But on the reverse of the form the only "optional coverage" for UM is a printed "5/10" (with a printed "$30," which was the premium charged on the face of the policy): the only other reference to UM coverage is a place for its rejection, and the statement "The laws of Louisiana now require that uninsured motorists coverage be included in all policies containing automobile or motorcycle liability insurance coverage unless specifically rejected by the insured.... The law provides that you must either pay the additional premium or sign the rejection below." (Emphasis added.)
That form did not afford an applicant the opportunity to "select lower limits" because it offered no "selection" of limits. It is not subject to any other interpretation than that there are only two choices: "5/10" coverage or rejection. In effect it denied that there were any other available limits from which the applicant (the insured) could select. As a matter of law, no one can "select lower limits" unless higher limits are also available. Because no other *262 limits were offered her, we reject the contention that our applicant "selected" 5/10 coverage by executing the application in evidence.
There is no evidence that, notwithstanding that the form offered only two choices, the motorcycle salesman offered other choices including that demanded by the statute. We therefore do not have the question whether such an oral offering would be admissible to enlarge the printed form's offerings.
The jury's finding on special interrogatory that plaintiff selected lower limits is unsupported by the record because, as a matter of law, the application form containing the sole evidence on that point does not suffice to discharge the insurer's burden to prove selection of lower limits.
The jury fixed quantum in excess of the $50,000 UM coverage thus imposed by statute for lack of rejection or selection of lower limits.
The judgment is amended in quantum to $50,000, at appellee's cost.
On Application for Rehearing
PER CURIAM.
Notwithstanding that the insurance guaranty association did not previously raise the issue, we agree with its argument on application for rehearing that La.R.S. 22:1382(1)(a) limits its liability to $49,900 and our decree is amended to that amount. Rehearing is otherwise refused, although we add, on the question of whether an insured's selection of lower UM limits must be in writing, see also A.I.U. Ins. Co. v. Roberts, 404 So.2d 948 (La.1981).