PONDER, Judge.
This is a suit for damages resulting from an automobile accident. Plaintiffs have appealed a summary judgment in favor of American & Foreign Insurance Company which limited its uninsured motorist coverage to $10,000.00.
The issue is whether the lower court erred in granting defendant’s motion.
We reverse and remand.
The defendant, Charles Buck, evidently “sideswiped” a motorcycle and ran into the rear of plaintiffs’ automobile. Mrs. Harris alleges serious injuries.
At the time of the accident defendant carried liability insurance with State Farm in the amount of $5,000.00. Plaintiffs made American and Foreign Insurance Company, their insurer, a co-defendant alleging that their damages were over $5,000.00.
American and Foreign admits that it has exposure for personal injuries over the amount of $5,000.00, up to the limits of the policy, but asserts that the limit is $10,-000.00.
The insurance application and the policy show that the uninsured motorist limits to be $10,000.00. Mr. Harris contends that the coverage should be $100,000.00, the amount of his liability coverage.
LSA-R.S. 22:1406 D(l) requires that the uninsured motorist coverage equal the liability coverage unless the insured rejects the coverage or selects lower limits.[1]
Both parties filed motions for summary judgment. Plaintiffs introduced as exhibits an affidavit executed by Mr. Harris as well as his deposition, in which he stated that he was never given an opportunity to select a different amount of uninsured motorist coverage. In opposition, the defendants introduced the application of the insured showing on its face uninsured motorist coverage in the amount of $10,000.00, and the affidavit of Mr. Bruce Baine, manager of the insurance company’s New Orleans office, who said that Mr. Harris had selected uninsured motorist coverage in the amount of $10,000.00.
Plaintiffs have argued that the policy application is inadmissible because it was not attached to and made a part of the policy itself, and they have also argued that the affidavit of Mr. Baine should be excluded because it was not based on personal knowledge. While we believe there are serious questions as to the admissibility of the application and the effectiveness of the affidavit,[2] a ruling on these issues is not necessary.
The pleadings, depositions and affidavits must show that there is no genuine issue of material fact for a summary judgment to be appropriate. LSA-C.C.P. Art. 966. Any doubt which exists must be resolved by denying the motion for summary judgment. McLain v. Zurich Insurance Co., 220 So.2d 148 (La.App. 3rd Cir. 1969) writ refused, 254 La. 13, 222 So.2d 67.
A genuine issue of fact exists as to whether or not Mr. Harris actually selected the lower limits of uninsured motorist coverage. The issue is one that should be determined at trial on the merits, and not through the motion for summary judgment.
*844 For the above reasons, the judgment of the trial court is reversed, and the case is remanded to the district court for proceedings not inconsistent with this opinion. Defendant is taxed with all costs of this appeal.
REVERSED AND REMANDED.

. “D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(l)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, . . . resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject the coverage or selects lower limits.”

. At least some of the statements made in the affidavit are evidently based on information given by others to Mr. Baine; at any rate there is no assertion that the statements are made on personal knowledge. Furthermore, at least some of the statements are of conclusions rather than of facts.