470 So.2d 255 (1985)
Robert A. CHEADLE, individually and as administrator of the estate of Sharon Cheadle, a minor
v.
Deloris FRANCOIS, Angela Lopez, Travelers Insurance Company, Colonial Penn Insurance Company and Allstate Insurance Company.
No. CA 2874.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
Ronald A. Welcker, Dennis J. Phayer, Glorioso, Welcker & Zaunbrecher, New Orleans, for plaintiff.
Thomas E. Loehn, Boggs, Loehn & Rodrigue, New Orleans, for defendant.
Before SCHOTT, BARRY and PRESTON H. HUFFT J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
The insurer filed a Motion for Partial Summary Judgment seeking the recognition *256 of the $10,000/$20,000 uninsured motorist coverage in the policy as the limits of liability in view of the contention of the insured that the policy should be reformed so as to provide for $100,000/$300,000 uninsured motorist coverage, which is the bodily injury coverage under the policy. No affidavits were filed and the matter was submitted on the basis of the cover sheet of the policy and the Personalized Quotation/Enrollment Plan for the policy.
The pertinent provision of the Louisiana Insurance Code, La.R.S. 22:1406 D(1)(a), provides as follows:
The following provisions shall govern the issuance of uninsured motorist coverage in this state.
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits * *"
The basic law is that the limits of the uninsured motorist coverage shall be the same as the limits of bodily injury coverage unless "any insured named in the policy shall reject in writing the coverage or selects lower limits." Further, the insurer carries the burden of proving that any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. Aramburo v. The Travelers Insurance Company, 426 So.2d 260 (La.App. 4 Cir.1983).
The cover sheet for Policy No. 002592860-17 lists Willie A. Francois as the named insured. The entry on the signature line of the Personalized Quotation/Enrollment Plan, which is the subject of dispute as to its compliance with the jurisprudence, is that of "Mr. and Mrs. Willie A. Francois". Thus, there exists real doubt as to who placed the entry, "Mr. and Mrs. Willie A. Francois", on the signature line of the form and under what circumstances. The resolution of this material fact is essential for the determination of the rights of the parties under La.R.S. 22:1406 D(1)(a).
Summary judgment may not be granted if there exists any real doubt as to the existence of a genuine issue of material fact and all reasonable doubts are resolved against the granting of a summary judgment. American Bank & Trust Co. v. Sunbelt Environmental Systems, Inc., 451 So.2d 1111 (La.App. 1 Cir.1984).
The judgment of the lower court granting the Motion for Partial Summary Judgment is hereby set-aside as there exists a real doubt as to the existence of a genuine issue of material fact.
BARRY, J., concurs with reasons.
BARRY, Judge, concurring with reasons:
This matter is not susceptible to summary judgment because the application form does not show that plaintiffs knowingly waived their option as to the amount of UM coverage.
The form is misleading. It begins by recommending "one of the plans shown below" all of which provide for a $10,000/20,000 minimum. Below the three proposed plans is a statement of rejection.
The form does not show that plaintiffs exercised the option mandated by R.S. 22:1406.
Only parol evidence can provide the answer.