490 So.2d 519 (1986)
Edna MOORE
v.
Antoinette Blatcher YOUNG and Government Employees Insurance Company
No. CA-4896.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*520 Greg S. Abramson, Friend, Wilson, Spedale & Draper, New Orleans, for defendant-appellee.
Louis A. Gerdes, Jr., New Orleans, for plaintiff-appellant.
Before KLEES, LOBRANO and WARD, JJ.
WARD, Judge.
This suit arises out of Edna Moore's claim for damages for injuries she sustained in an automobile accident on December 1, 1982. Ms. Moore sued Government Employees Insurance Company, her uninsured motorist carrier, as well as other persons involved in the accident and their insurers. All claims were settled except that of Ms. Moore against GEICO which has led to this appeal.
The only issue before us is the application of a provision of the Louisiana statute which requires uninsured motorist insurance coverage
... provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. [Emphasis added.]
La.R.S. 22:1406 D(1)(a)
The question to be answered is whether the Government Employees Insurance Company policy issued to Edna Moore in 1982 was a "renewal policy" within the meaning of the statute, continuing the lower limits of uninsured motorist coverage Ms. Moore had previously selected. The Trial Judge found that the policy was a renewal policy and granted summary judgment in favor of GEICO, declaring UM limits of $5,000/$10,000 as selected by Ms. Moore in 1975. We affirm the Trial Court's holding that Ms. Moore's 1982 policy provided UM coverage of $5,000/$10,000. We find those limits effective because Ms. Moore selected that amount of coverage in 1979 as well as in 1975.
The documents supporting the motion for summary judgment show that Edna Moore initially secured uninsured motorist coverage from GEICO in August 1975 in conjunction with her policy number 6812329. At that time, in accordance with R.S. 22:1406 D(1)(a), GEICO offered and Ms. Moore selected UM coverage limits of $5,000 per person and $10,000 per occurrence, amounts lower than that provided by the policy's bodily injury liability coverage. Act 494 of 1975, effective September 12, 1975, amended R.S. 22:1406 D(1)(a) to add the above quoted provision making an initial selection of lower UM limits effective for renewal policies. Ms. Moore renewed her GEICO policy continuously. In July 1979, she reported a change of vehicle on GEICO's "Change of Auto" form. That form indicates bodily injury liability coverage of $25,000/$50,000 and UM limits of $5,000/$10,000. On July 23, 1982 Ms. Moore again purchased from GEICO insurance with coverage extending from September 10, 1982 to September 10, 1983. That policy, like the original policy issued in 1975, was numbered 6812329. The GEICO "Family Automobile Policy Renewal Declarations" form for Ms. Moore's 1982 policy lists UM coverage with limits of $5,000/$10,000 and Bodily Injury Liability *521 coverage with limits of $50,000/$100,000. This policy was in effect on December 1, 1982, the date of the accident and insured the automobile Ms. Moore purchased in 1979.
Ms. Moore contends that the only inquiry for this Court is whether the 1982 policy was a renewal of the policy issued in 1975, and she argues that it was notbecause it insured a different vehicle at different rates. Rather, she contends the 1982 policy was a renewal of the 1979 policy because it insured the automobile she purchased in that year. Contending that she did not select lower limits of UM coverage in 1979, she claims UM coverage equal in amount to the bodily injury limits of the 1982 policy in effect at the time of the accident, $50,000/$100,000.
We disagree with Ms. Moore's contention that she did not select $5,000/$10,000 UM limits in 1979 when she reported the change of automobile to GEICO. In Section IV of the form, "Additional Coverages," Ms. Moore checked the box for "Uninsured Motorists" and beneath it clearly wrote "5/10". We believe this written notation is sufficient to constitute selection of UM limits lower than liability coverage pursuant to R.S. 22:1406 D(1)(a).
Having found that Ms. Moore selected UM limits of $5,000/$10,000 for coverage of her new car in 1979, the only remaining issue is one not contested by Ms. Moore: whether the 1982 policy was a renewal of the 1979 policy. The Louisiana Insurance Code defines "renewal" of a policy as "the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer...." La.R.S. 22:636.1 A(5).
This definition is silent as to the significance of an increase in liability limits, that is, whether a later policy issued by the same insurer but with different limits of liability coverage is a "renewal" policy. We conclude that a policy with different coverage may be a renewal policy. The Court in Myers v. Thibeaux, 365 So.2d 266 (La.App. 3rd Cir.1978), reached this same conclusion, holding that a policy which insured a different automobile, as well as providing different coverage, was a renewal of an earlier policy in which the insured had rejected UM coverage. We believe Ms. Moore's policy in effect at the time of the accident is clearly within the definition of a renewal policy and, had the Legislature intended for a change in coverage to be an exception to the definition, that exception would be contained in the statute.
Moreover, Ms. Moore has routinely received policy renewal declarations indicating $5,000/$10,000 UM coverage, and she has paid premiums based on that amount of coverage. Ms. Moore has thus been aware of the continued effectiveness of her selection of lower UM limits, and if she had wished to increase her UM coverage to equal her liability coverage, she should have so notified GEICO.
Accordingly, we hold that Ms. Moore selected UM limits of $5,000/$10,000 in 1979 and that the policy in effect on the date of the accident was a renewal of that policy. Therefore, the summary judgment in favor of GEICO decreeing UM policy limits of $5,000/$10,000 is affirmed. All costs of appeal to be paid by Edna Moore.
AFFIRMED.