532 So.2d 909 (1988)
Brenda Joseph, Wife of/and Leroy JOSEPH, the Natural Parents of their Minor Daughter, Laquette Joseph
v.
FOREMOST INSURANCE COMPANY, Stephen W. Garrett Honda d/b/a Garrett Honda.
No. 88-CA-232.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1988.
Hugh B. Exnicios, Metairie, for plaintiffs/appellants.
Cy Lowe, Joseph G. Gallagher, Jr., Hulse, Nelson and Wanek, New Orleans, for defendants/appellees.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This case concerns uninsured motorist coverage for injuries in a motorcycle accident. The plaintiff seeks reversal of summary judgment in favor of the defendant on grounds that the written judgment was in error in that it was responsive to issues of a case other than the instant one.
On May 5, 1984 Brenda Joseph purchased a motorcycle from Garrett Honda and on May 9, 1984 applied for liability insurance from Garrett. The application was signed "Brenda M. Joseph" and the signature line for rejection of uninsured motorist coverage also was signed "Brenda M. Joseph." We note that the insured is listed as "Brenda C. Joseph." On June 12, 1984, Laquette Joseph, teenage daughter of Leroy and Brenda Joseph, was injured when the motorcycle collided with a vehicle driven by John Singleton and owned by Robert Taylor, both persons alleged by the Josephs to be uninsured. Suit was filed against Foremost Insurance Company, the underwriter, and Garrett Honda, the agent, for uninsured motorist benefits. Foremost *910 moved for summary judgment on the basis of the application blank and the policy, alleging that the policy did not include uninsured motorist coverage.
On January 7, 1987 at trial of the motion, the plaintiffs, having submitted Mrs. Joseph's affidavit, argued that her signature was not authentic and that Garrett had not offered her the option of uninsured motorist protection. The trial judge ruled that the court would appoint a handwriting expert. In a letter dated February 28, 1987, Cy Courtney, the expert, reported to the judge that:
I have come to the opinion that the waiver signature was not made by the same hand that wrote the signature on the drivers license and the voter registration.
This opinion is based on the individual letter forms as well as their connections, relative heights and terminals. The overall appearance and the use of available space are other differences seen.[1]
On October 27, 1987 the defendants took a deposition of Brenda Joseph, during which counsel for the defendants attempted to question her regarding her signature. Counsel stated, "... The Court has merely ruled that the summary judgment was denied...." However, on January 4, 1988 a written judgment was signed, which reads as follows:
This Court recommended the appointment of Mr. Cy Courtney as an expert to examine the signatures relevant to this proceeding; namely, the beneficiary of decedent's insurance with the Mover.
During the argument of the case, the Court was of the opinion that there were grounds sufficient for the requirements of Art. 373 of the Code of Civil Procedure. I have received the opinion of the Court-appointed expert and marked his opinion with its attachments as Court Exhibit # 1. It is now the Judgment of this Court that Mover, Foremost Insurance Company, is entitled to a Summary Judgment; that the insured, Laquette Joseph, did not sign the change of beneficiary provision, thus, Brenda Joseph has no cause of action.
I find, as a matter of fact, that a person unknown signed the change of beneficiary form in favor of the Plaintiff and that the insured did not intend to deprive his legal family from the benefits of the policy.
On January 14 the judge amended the judgment to read:
That portion of this Court's Judgment signed January 4, 1988, which refers to decedent (Paragraph 2) was in error and should have read "insured's policy of insurance".
In all other respects, the Judgment remains the Final Judgment of this Court.
It is clear from the pleadings that a change of beneficiary was not at issue in this case and the written judgment was in error.
It would seem likely that sometime before the deposition on October 27, 1987 and January 4, 1988 the judge indicated to the parties that he would deny Foremost's motion for summary judgment. If summary judgment had indeed been granted, Foremost would no longer be a defendant and would have had no reason to depose Mrs. Joseph, and, as noted above, counsel for the defendants stated that summary judgment had been denied. Even if the alleged error took place, the trial court may not amend the judgment as such an alteration would be substantive. La.C.C.P. 1951.
Under La.C.C.P. art. 966(B) the pleadings and other documents on file and records submitted by the parties must show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The burden is upon the insurer to prove that the insured rejected uninsured motorist protection or selected limits lower than the liability coverage. Cheadle v. Francois, 470 So. 2d 255 (La.App. 4th Cir.1985). Further, the statute requires the insurer to inform the insured of his option to reject or select lower limits. Breaux v. Government Emp. Ins. Co., 373 So.2d 1335 (La.App. 1st *911 Cir.1979). In the Cheadle case summary judgment was denied over a question of authenticity of the signature on the policy.
The record does not include a transcript of the trial of the motion for summary judgment and the record as it stands is insufficient to show that there is no genuine issue of material fact. Accordingly, summary judgment is inappropriate.
For the reasons stated above, the judgment of January 4, 1988, with its amendment of January 14, 1988, is reversed and set aside. The case is remanded for trial of the merits.
REVERSED, JUDGMENT SET ASIDE AND REMANDED.
NOTES
[1] This letter is not included in the appeal record; a copy is attached to appellant's brief.