WICKER, Judge.
This appeal arises from a petition filed on behalf of Richard Wills, plaintiff/appellant, against State Farm Mutual Automobile Insurance Company, defendant/appellee, for underinsured motorist coverage of $100,-000. Wills, a guest passenger in a vehicle owned by Frances Rhodes, sued Rhodes’ insurer, State Farm, under its underinsured motorist provision after settling his claim against Rodney Rens, the driver of the other vehicle. The claim against Rens was settled for Rens’ policy limits of $10,000.00. State Farm filed a motion for summary judgment urging there had been a rejection by Rhodes of underinsured motorist coverage at the level of her liability coverage of $100,000/$300,000. The trial judge granted the motion for summary judgment and concluded coverage was only $20,000/$40,-000. Wills has appealed. We reverse and remand.
Wills has specified the following errors on appeal:
1. The trial judge erred in not following the 5th Circuit’s ruling requiring a “knowing waiver” by relying on a third circuit case;
2. The trial court erred in holding the application was a sufficient waiver of UM rights;
3. The trial judge erred in failing to liberally construe the UM statute;
4. The trial court erred in failing to make State Farm bear the loss for its agent’s failure to use a required company selection/rejection form;
5. The trial judge erred in holding State Farm met its burden of proving the insured selected lower limits, and
6. The trial judge erred in granting the motion for summary judgment in view of genuine issues of law and fact.
Since we find there is an issue of material fact precluding summary judgment, we pretermit discussion of the remaining alleged errors.
A copy of Frances D. Rhodes’ application for State Farm Automobile Insurance was attached to the memorandum in support of the motion for summary judgment. The application gives an effective date of February 6, 1987. The statement signed by Rhodes, and included in a box labeled, “BINDER” reads as follows:
I hereby apply for the insurance indicated and represent (1) I have read this application, (2) the statements hereon, including those made on any other application for automobile insurance to this company this date and which are incorporated by reference and made part of this application are correct, (3) I am the sole owner of the described vehicle except as otherwise stated, and (4) the limits and coverages were selected by me. IT IS UNDERSTOOD AND AGREED THAT NO INSURANCE IS EFFECTIVE HEREUNDER (A) UNLESS THE BINDER IS COMPLETED DESIGNATING THE COMPANY ACCEPTING THIS APPLICATION AND SIGNED BY AN AUTHORIZED AGENT OF SUCH COMPANY OR (B) UNTIL THE DATE OF THE POLICY OR BINDER ISSUED BY THE COMPANY ACCEPTING THIS APPLICATION.
The Binder was signed by Bryan Brig-nac, agent.
Under the coverage section of the binder there is a designation for, “UNINSURED MOTOR VEH”. Two boxes are provided. One is for “SAME AS BI LIMITS” and the other states, “OTHER LIMITS”. The “OTHER LIMITS” box is marked with an “X” and written in is the notation, “20/40.”
Bryan Brignac’s affidavit is also attached. He avers he is a State Farm agent and he explained the UM options available *1008 to Rhodes. He also avers Rhodes selected UM coverage of 20/40 and signed the application in his presence on February 3, 1987.
Wills filed an opposition to the motion. He attached Rhodes’ affidavit in which she avers Brignac never explained the options available in the purchase of UM coverage. She further averred Brignac filled in the blanks without advising her of her rights regarding UM. She admitted signing the application.
Although the language of the binder states Rhodes has selected the limits and coverages, the application is unclear as to what options were presented to her. One interpretation is that she was only given the option of UM coverage or the 20/40 coverage. Another interpretation, supported by Brignac’s affidavit, is that she was explained all options available to her.
In Cheadle v. Francois, 470 So.2d 255 (La.App. 4th Cir.1985) the court interpreted La.R.S. 22:1406D(1)(a) at 256 as follows:
The basic law is that the limits of the uninsured motorist coverage shall be the same as the limits of bodily injury coverage unless “any insured named in the policy shall reject in writing the coverage or selects lower limits.” Further, the insurer carries the burden of proving that any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. Aramburo v. The Travelers Insurance Company, 426 So.2d 260 (La.App. 4 Cir.1983) [writ denied 433 So.2d 161 (La.1983), modified on other grounds 438 So.2d 274 (La.App. 4th Cir.1983), writ denied 443 So.2d 1110 (La.1983)].
Furthermore,
The selection of lower UM limits must be an affirmative act by the insured and in order for the insured to select different limits, a choice of limits must be made available. Aramburo [infra]; Duhe v. Maryland Casualty Company, 434 So.2d 1193 (La.App. 1st Cir.1983).
Bird v. Daniels, 508 So.2d 611, 614 (La.App. 2nd Cir.1987), writ denied 513 So.2d 828 (La.1987).
In Rawson v. Jennings, 487 So.2d 777 (La.App. 3rd Cir.1986) a panel of this court sitting Pro Tempore for the Third Circuit held [quoting Breaux v. Government Emp. Ins. Co., 373 So.2d 1335 (La.App. 1st Cir.1979) at 1338]:
“the only way an insured can exercise [the] option [given him by the statute] is when he is informed of his option privilege by the insurer.”
Rawson, supra at 779.
In Rawson, supra, however, the matter had gone to a trial on the merits.
Since there is a genuine issue of material fact regarding whether Rhodes was offered the opportunity to select lower limits as required by La.R.S. 22:1406(D)(1) summary judgment is not appropriate. See Harris v. Buck, 351 So.2d 842 (La.App. 1st Cir.1977).
Accordingly, the judgment granting summary judgment is reversed and the matter is remanded for further proceedings at ap-pellee’s cost.
REVERSED AND REMANDED.