588 So.2d 163 (1991)
Loretta Mercola, Wife of/and Michael J. MERCOLA
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.
No. 91-CA-0266.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1991.
Mack E. Barham, Robert E. Arceneaux, Charles E. Tate, Barham & Markle, Bernard J. Tortomasi, Jr., Tortomasi & Tortomasi, New Orleans, for plaintiffs/appellants.
David V. Batt, Lane A. Schaffer, Lobman, Carnahan and Batt, Metairie, for defendant/appellee.
Before KLEES, BYRNES and PLOTKIN, JJ.
PLOTKIN, Judge.
The sole issue in this appeal is whether an insured must execute a written document rejecting uninsured/underinsured motorist (UM) coverage when he replaces an automobile on a liability policy. The trial court found that a selection of lower limits executed prior to purchase of the replacement vehicle was valid and granted a motion for summary judgment filed by defendant State Farm Mutual Automobile Insurance Co. For the reasons which follow, we reverse and remand the case to the trial court for further proceedings.
Plaintiff Loretta Mercola suffered severe injuries to her back in an automobile accident on March 14, 1986. After settling with the tortfeasor's insurance company for the policy limits of $10,000, plaintiff pursued remedies against her UM insurance *164 company, State Farm. State Farm tendered $10,000, which the insurance company claims represents the limits of the plaintiff's UM policy. Ms. Mercola then sued State Farm for an additional $40,000, claiming that her UM policy limits were actually $50,000, the same as the limits on her liability policy.
At the time of the accident, Ms. Mercola and her husband had three automobile liability insurance policies with State Farm, covering their three automobiles. The policy in question in the instant case was originally purchased on January 22, 1985, when State Farm issued policy number 5313-453-A22-18, covering a 1980 Honda Civic; the policy limits were $50,000 for liability and $50,000 for UM. Thereafter, on May 1, 1985, the Mercolas executed a written selection of lower limits, reducing the UM coverage on the Honda to $10,000/$20,000. The fact that the written selection of lower UM limits was valid at the time it was executed is uncontested by the parties. The written document states specifically that the selection of lower limits would be applicable to "future policies issued to me [the insured] because of a change of vehicle or coverage." After the Mercolas executed the selection of lower limits, State Farm issued policy number 5313-453-A22-18A, which reflected the lower UM limits.
On August 29, 1985, State Farm agent Susan Geoghegan executed a computerized Change of Vehicle Form in response to communication from the Mercolas that they had replaced the Honda with a 1985 Peugeot. Following processing of the Change of Vehicle Form, State Farm issued policy number 5313-453-A22-18B to cover the new car. In an affidavit presented to the trial court in support of the motion for summary judgment, State Farm Operations Underwriting Superintendent and Custodian of Records for the Louisiana Pelican Division Bill E. Wilson stated as follows:
That in connection with the change of vehicle from a 1980 Honda to a 1985 Peugeot, State Farm Mutual Automobile Insurance Company issued a new automobile liability policy to Michael Mercola, with policy number 5313-453-A22-18B, effective August 24, 1985 through January 22, 1986.
Wilson affidavit, paragraph 10.
The accident in question occurred on March 14, 1986.
At the time of the accident, in 1986, LSA-R.S. 22:1406 D(1)(a)(i) required that insurers provide UM coverage "in not less than the limits of bodily injury liability provided by the policy" except "where any insured named in the policy shall reject in writing, as provided herein, the coverage or select lower limits." The provision then stated as follows:
Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with the policy previously issued to him by the same insurer.
Under new amendments to the statute, the exemption applies to "reinstatement" policies as well as "renewal" and "substitute" policies.
Determination of whether the trial court correctly granted State Farm's motion for summary judgment depends on whether policy number 5313-453-A22-18B, issued to cover the new Peuguot was a "new" policy, in which case the previously-executed written selection of lower limits would not be valid, or a "renewal or substitute policy," in which case the written selection of lower limits would be valid under the above provision.
In granting the motion for summary judgment, the trial court apparently relied on Moore v. Young, 490 So.2d 519 (La.App. 4th Cir.1986). In Moore, this court held that a written selection of lower limits executed prior to the time that the insured executed a Change of Auto form was valid. The court found that the policy on the new car was simply a renewal of the former policy, even though the liability coverage was increased after the purchase of the new car. In reaching this decision, the court relied in part on Myers v. Thibeaux, 365 So.2d 266 (La.App. 3d Cir.1978), in which the court found that a policy which insured a different automobile, as well as providing different coverage, was a renewal *165 policy. The court also noted that the insured had repeatedly received policy renewal declarations indicating the lower UM coverage.
Nevertheless, we find that the trial judge improperly granted the motion for summary judgment in the instant case. Motions for summary judgment are properly granted only when the moving party has demonstrated that no genuine issues of material fact remain and that it is entitled to judgment as a matter of law. La.C.C.P. art. 966; Chaisson v. Dominque, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). Although no genuine issues of material fact remain in the instant case, the defendant failed to prove that it was entitled to judgment as a matter of law.
First, the instant case is distinguishable from Moore. In this case, an insurance agent executed a computerized Change of Vehicle form, while in Moore, the insured party personally prepared a Change of Auto form. Perhaps more importantly, the insurance policy number did not change after the covered vehicle was changed in Moore, while the number did change in the instant case. Additionally, a State Farm executive stated in the instant case that the company issued a "new" policy in response to the Change of Vehicle form executed by the insurance agent. No similar affidavits were presented in Moore.
The Louisiana Supreme Court summarized the principles applicable to construction of UM insurance policies in Roger v. Estate of Moulton, 513 So.2d 1126 (La. 1987), as follows:
UM coverage is determined not only by contractual provisions, but also by applicable statutes. In the absence of a specific rule, general insurance law governs. The liberal construction given the UM statute requires the statutory exceptions to the coverage requirement be interpreted strictly. Any exclusion from coverage in an insurance policy must be clear and unmistakable. In accordance with this strict construction requirement, the intermediate courts have held the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits.

Id. at 1130. (Citations omitted.)
Construing the provisions of the UM statute strictly, we are compelled to conclude that the trial judge was manifestly erroneous in granting State Farm's motion for summary judgment. In order to prove that it was entitled to judgment as a matter of law, the insurance company had the burden of proving that the insured party selected lower UM limits for the policy covering the 1985 Peugeot owned by the plaintiff in the instant case. The insurer was unable to do so since the only selection of lower limits was executed prior to the issuance of the "new" policy, number 5313-453-A22-18B, the only policy the plaintiffs ever had to cover the 1985 Peugeot. Additionally, Wilson's affidavit specifically states that the policy issued after the Change of Vehicle form was "new." The company must be bound by this statement and cannot now claim that the policy was simply a "substitution" or "renewal," rather than a new policy. Therefore, State Farm has not demonstrated that it is entitled to judgment as a matter of law.
For the foregoing reasons, we reverse the trial court judgment granting the motion for summary judgment in favor of defendant State Farm Mutual Insurance Company. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.