598 So.2d 1278 (1992)
Elia GARCIA, et al.
v.
CERTIFIED LLOYDS INSURANCE COMPANY, et al.
No. 91-CA-1522.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Dennis P. Couvillion, James Minge, James Minge & Associates, New Orleans, for plaintiffs/appellants.
David S. Fos, Answardi, Maxwell & Power, Kenner, for defendant/appellee.
Before SCHOTT, C.J., and BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Finding a valid rejection of uninsured motorist (UM) coverage, the trial court granted summary judgment to defendant Automotive Casualty Insurance Company (ACIC), dismissing it from plaintiffs' action. Plaintiffs appeal that judgment. We affirm.
*1279 On January 22, 1990, plaintiffs, Elia Garcia and Tulio Peneda, were involved in an automobile accident with a taxi cab owned by George W. Delpidio, III and driven by Gary Herty. In May 1990, plaintiffs filed suit against George Delpidio, Gary Herty, and their insurer, Certified Lloyds Insurance Company. The action also included a claim against ACIC as Tulio Peneda's alleged UM insurer. ACIC provided liability coverage for Tulio A. Peneda's vehicle with limits for bodily injury for $10,000 per person and $20,000 per occurrence, as well as property damage for $10,000 per occurrence. Tulio Peneda signed the "Rejection of Uninsured Motorist Coverage" form on September 23, 1989. After a hearing on March 11, 1991, the trial court granted summary judgment in favor of ACIC, and plaintiffs' appeal followed.
On appeal plaintiffs contend that the UM rejection form was defective and contrary to LSA-R.S. 22:1406, claiming that the form did not provide the dual option to either reject UM coverage or select lower limits. The insurer bears the burden of proving that the insured rejected UM coverage or selected lower limits in writing. Uhrich v. National Fire Ins. Company, 569 So.2d 1062 (La.App. 3d Cir. 1990), writ denied 572 So.2d 96 (La.1991). The insured must be able to select from a variety of coverage options for the choice to be a meaningful selection necessary for a valid waiver of UM coverage. Robinson v. Moore, 580 So.2d 1109 (La.App. 4th Cir. 1991), writ denied 586 So.2d 557 & 558 (La.1991). ACIC argues that no option to select lower limits is necessary because the insurer is not required to offer UM coverage lower than the statutorily required minimum liability coverage of $10,000 per person and $20,000 per occurrence, as well as $10,000 for bodily or property injury to another pursuant to LSA-R.S. 32:900. In oral argument, plaintiffs asserted that an insured should be able to stack UM coverage from multiple policies to meet the minimum liability requirement under LSA-R.S. 32:900. Therefore, plaintiffs aver that an amount less than the minimum liability requirement should be available and offered to the insured for a meaningful rejection of coverage.[1]
Plaintiffs' arguments are based on the claim that the insured was not offered a selection of lower limits. In Aramburo v. Travelers Ins. Co., 426 So.2d 260 (La.App. 4th Cir.1983), writ denied 433 So.2d 161 (La.1983); phraseology altered on other grounds, 438 So.2d 274, writ denied, 443 So.2d 1110 (La.1983), the insurance application offered either 5/10 UM limits or complete rejection. This Court declared that the UM rejection was invalid because it failed to offer a selection of limits, including higher limits. In Robinson v. Moore, supra, the automobile lessee was not given any option with respect to UM coverage in the lease agreement which included payment for liability insurance. This Court held that the UM waiver was invalid because the automobile leasing company failed to give the lessee the option to choose lower rates or reject UM coverage. In Uhrich v. National Fire Ins. Company, *1280 supra, 569 So.2d at 1065, the insurance form offered only two options: full UM coverage equal to liability coverage or rejection of UM coverage. The Court noted that, "(t)he form does not contain a blank wherein [the insured] could have requested UM limits lower than liability coverage of $1,000,000." The Court concluded that the rejection of UM coverage was invalid. In Carlson v. Safeco Ins. Co., 499 So.2d 664 (La.App. 3d Cir.1986), writ denied 503 So.2d 477 (La.1987), the insured did not make a valid selection of reduced UM coverage where the insurer did not provide a selection of limits and the declaration page specifying limits was not prepared until later.
The first page of the ACIC application form in question in the present case provides for the categories of coverage with blank spaces beside them to be filled in with the requested amounts of coverage. The policy has liability limits of "10/20" for bodily injury and "10" for property damage filled in. The two boxes for UM coverage for bodily injury and property damage are unfilled. Other boxes and blanks are filled in with respect to the premiums and other information. On the third page, the insured signed the "Rejection of Uninsured Motorist Coverage" form. In Guilbeau v. Gabriel, 553 So.2d 1078 (La.App. 3d Cir. 1989), writ denied 559 So.2d 138 (La.1990), the plaintiff argued that the rejection was invalid because the form failed to explain an option to select lower limits of UM coverage. In reviewing a policy form similar to the application form in the present case, the appellate court found a valid rejection of UM coverage. In McCall v. Nguyen, 509 So.2d 651 (La.App. 3d Cir. 1987), the Third Circuit reviewed a similar policy and concluded that the requirement that selection of UM coverage limits be in writing is met by a form which had a blank space or block to be filled in with a figure in handwriting. In Bertrand v. Shelter General Ins. Co., 571 So.2d 861 (La.App. 3d Cir.1990), the application provided blank spaces adjacent to the categories of coverage to be filled in with the applicant's requested amounts of coverage. There was no amount filled in next to the UM categories of coverage. The insured's signature appeared at the bottom of the application form. The appellate court held that the insured's waiver of UM coverage was valid. In Moore v. Young, 490 So.2d 519 (La.App. 4th Cir.1986), this Court found that where the insured had checked the box for "uninsured motorists" and beneath it clearly wrote "5/10", the written notation was sufficient to constitute selection of UM coverage pursuant to LSA-R.S. 22:1406. See also Bird v. Daniels, 508 So.2d 611 (La. App.2d Cir.1987), writ denied 513 So.2d 825 & 828 (La.1987). In the present case, where the blank spaces in the boxes provides options for selection of UM coverage, the signature in the rejection form constitutes a valid rejection of UM coverage.
A dispute as to the issue of whether, as a matter of law, an insurance policy provides or precludes coverage to a party, can be properly resolved within the framework of a motion for summary judgment. Zanca v. Breaux, 590 So.2d 821 (La.App. 4th Cir.1991). Finding no genuine issue of material fact, ACIC is entitled to summary judgment as matter of law pursuant to LSA-C.C.P. art. 966; McBride v. R.F. Kazimour Transp., Inc., 583 So.2d 1146 (La. App. 4th Cir.1991).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
SCHOTT, C.J., dissents with reasons.
SCHOTT, Chief Judge, dissenting:
R.S. 22:1406(D)(1)(a)(i) mandates UM coverage in not less than the limits of the bodily injury liability provided by the policy subject to this exception: where the insured "shall reject in writing ... the coverage or selects lower limits." The form signed by plaintiff contains his rejection, but does not offer him the opportunity to select lower limits than $10,000.
ACIC argues that it could not offer lower limits because its policy providing $10,000 coverage for bodily injury is the minimum authorized by R.S. 32:900(B)(2)(a). However, ACIC cites no authority, and I have found none, for the proposition that *1281 an insurer cannot offer UM limits of less than $10,000.
Cases construing R.S. 22:1406 have done so liberally in favor of the policy holders because of the overriding public policy favoring UM coverage. In this case the insurer could have complied with the statute by a simple amendment of its UM rejection paragraph by adding a few words declining lower limits of coverage along with his rejection of coverage in the amount of $10,000.
NOTES
[1] By amendment of 1972, LSA-R.S. 22:1406 required automobile insurers to provide UM coverage on all automobile insurance issued in Louisiana in not less than the limits prescribed in the Motor Vehicle Safety Responsibility Law of Louisiana, LSA-R.S. 32:900. Barbin v. United States Fidelity and Guaranty Co., 315 So.2d 754 (La.1975); Bourgeois v. Government Employees Insurance Company, 316 So.2d 804 (La.App. 1st Cir.1975), writ refused 320 So.2d 914 (La.1975). In Barbin, supra, the Louisiana Supreme Court noted that the 1974 amendment to LSA-R.S. 22:1406 required the insurer to furnish UM coverage in the limits provided by the liability policy, unless the insured expressly rejected coverage. Louisiana LSA-R.S. 32:900(J) provides that: "The requirements for a motor vehicle liability policy may be fulfilled by the policies of one or more insurance carriers which policies together meet such requirements [emphasis added]." Under LSA-R.S. 22:1406(D)(1)(c)(i), stacking of UM coverage is prohibited in certain instances: the limits of liability shall not be increased because of multiple motor vehicles covered under a policy or if the insured has available to him more than one UM provision or policy. The insurer is liable to an insured only for the maximum coverage provided by any one policy. Bonstill v. Avant, 576 So.2d 1068 (La.App. 3d Cir.1991). However, the antistacking statute was not intended to prohibit an insured from recovering primary and excess layers of UM coverage on an owned vehicle involved in accident. Fay v. Willis, 577 So.2d 1147 (La.App. 1st Cir.1991), writ denied 584 So.2d 1159 (La.1991).