650 So.2d 1247 (1995)
Amelia Fredrica THOMASON
v.
CITY OF NEW ORLEANS, et al.
Nos. 94-CA-1508, 94-C-1304 and 94-C-1707.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1995.
*1248 George H. Troxell, III, New Orleans, for plaintiff.
Donielle Carmouche Allen, Harvey L. Strayhan, Jr. & Associates, Metairie, for defendant-appellant, State Farm Mut. Automobile Ins. Co.
Before SCHOTT, C.J., and ARMSTRONG and MURRAY, JJ.
SCHOTT, Chief Judge.
The issue in this case is whether a form in an insurance policy was legally sufficient to provide the insured with a valid waiver of uninsured motorist (UM) coverage. From a summary judgment in plaintiff's favor recognizing UM coverage, defendant, State Farm Mutual Automobile Insurance Company, has appealed. State Farm also applied for supervisory writs from a judgment denying its motion for summary judgment seeking to dismiss plaintiff's claim. We have consolidated the appeal and the writ application and grant certiorari as to the judgment denying State Farm's motion for summary judgment.
Plaintiff was a passenger in an automobile owned by Wilbert P. Daigle when there was an accident and plaintiff was injured. Daigle was insured by State Farm for liability limits of $100,000. The policy contained the following UM rejection form:
I acknowledge that in accordance with the provisions of the laws of the State of Louisiana I have been provided the following options regarding insurance for Uninsured Motor Vehicle (including Underinsured Motor Vehicle Coverage):
This is to certify that:
___ 1. I have the right to be provided with Uninsured Motor Vehicle Coverage in amounts not less than the limits of my automobile bodily injury liability insurance, and I select limits of $____/____ (emphasis added).
___ 2. I have the right to reject Uninsured Motor Vehicle Coverage, and I do reject the coverage completely.
I understand and agree that this acknowledgement of coverage selection or rejection shall be applicable to the policy of insurance on the vehicle described below, on all future renewals of the policy, on future policies issued me because of a change of vehicle or coverage, or because of an interruption of coverage.
Daigle placed an "X" in the second box above and signed the form.
In Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992), reh. den. (Jan. 1993) the court in holding that a UM rejection form was ineffective had this to say:
In other words, the form used by the insurance company must give the applicant the opportunity to make a `meaningful selection' from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage.
The UM form under review herein only offers the insured an option of rejecting UM coverage in entirety or selecting UM coverage "not less than the limits of the auto liability insurance by selecting the limits of ____/____." This language allows the insured to select limits equal to or greater than the limits of the auto liability policy. The form does not specifically state or imply that the insured has the option of selecting UM limits less than or lower than the limits of the auto liability policy. The best that can be said for the form is that it is so ambiguous that it does not give the insured the opportunity to make a meaningful selection.
We have considered Garcia v. Certified Lloyds Ins. Co., 598 So.2d 1278 (La.App. 4th Cir.), writ den. 604 So.2d 969 (1992) cited by State Farm, but a copy of the rejection form is not quoted in or attached to the opinion so that we are unable to determine whether it was similar to the one now under consideration.
*1249 In support of its motion for summary judgment State Farm produced an affidavit from its insured, Daigle, in which he stated that he knowingly and intentionally rejected UM coverage. Such an affidavit cannot supply validity to a rejection form that was invalid under the UM statue. When the insured was not provided with a valid rejection form, the policy provided UM coverage by operation of law. The subsequent affidavit by the insured is irrelevant.
Having concluded that State Farm's policy contains UM coverage the judgments of the trial court are affirmed.
AFFIRMED.