661 So.2d 1097 (1995)
Julie T. FRENTZ
v.
TULANE UNIVERSITY.
No. 94-CA-1600.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1995.
Rehearing Denied November 8, 1995.
*1098 William H. Reinhardt, Jr., Reinhart & McGoey, Metairie, for plaintiff/appellant, Julie T. Frentz.
Wiley G. Lastrapes, Jr., Lastrapes & Weiss, New Orleans, for defendant/appellee, Tulane University.
Before LOBRANO, WALTZER and MURRAY, JJ.
MURRAY, Judge.
Julie Frentz appeals the grant of summary judgment in favor of Tulane University, dismissing her breach of contract suit and claim for damages allegedly arising from her academic dismissal from the University.
We reverse the ruling of the lower court.
Julie Frentz enrolled in the Tulane University School of Social Work Graduate Program in Spring, 1990. In August 1990, Ms. Lilia Valdez, associate dean of the School of Social Work, orally notified Ms. Frentz she would have to withdraw from the program for failure to maintain the required academic standing. Ms. Frentz notified Dean Valdez that the university failed to give her an "advisory alert" of her deficient performance as provided for in the school handbook and that she was also entitled to a candidacy hearing.
Tulane convened a candidacy hearing on October 2, 1990 which resulted in written notification to Ms. Frentz from Dean Valdez of five requirements relative to Ms. Frentz maintaining her academic standing. Ms. Frentz fulfilled those requirements and applied for readmission the following year, but was denied. This litigation ensued.
Ms. Frentz appeals, assigning several instances of trial court error all relating to the court's failure to find the existence of a contract between her and Tulane, and a breach of that contract.
Although both sides argue the merits of the case, the only issue for our review is the consideration of whether summary judgment was appropriate in this case.
On motion for summary judgment, the trial court should not seek to determine whether it is likely mover will prevail on the merits but rather whether there is an issue of material fact. Dunn v. FMC Corp., 589 So.2d 1115, 1118 (La.App. 2 Cir.1991).
Motions for summary judgment are properly granted only when the moving party has demonstrated that no genuine issues of material fact remain and that it is entitled to judgment as a matter of law. C.C.P. art. 966; Mercola v. State Farm Mut. Auto. Ins. Co., 588 So.2d 163, 165 (La.App. 4 Cir.1991).
*1099 In support of its motion for summary judgment Tulane introduced copies of letters to Ms. Frentz from Assistant Dean Valdez and Dean Campbell. Dean Valdez's letter, dated October 2, 1990, sets forth the "decision of the [candidacy] Committee". That letter stated:
1) All incompletes must be completed by October 15, 1990 with a grade of B or better. No further extensions will be allowed.
2) Failure to complete course work will result in automatic dismissal.
3) Finish this semester with B's or better.
4) Before registering for the full-time program, you will have had to remove the current F on your transcript by retaking the policy course and obtaining a grade of B or better. The course may be retaken in either the summer or fall semesters of 1991.
5) After completing the first semester required courses you can reapply for admission into the full-time program for the Spring of 1992.
Tulane also offered Dean Valdez' affidavit attesting to her knowledge of the facts and reiterating the five requirements of the October 2 letter. Finally, Tulane offered Ms. Frentz's deposition in which she acknowledged she was never assured by anyone that she "automatically" would be readmitted into the program.
Tulane admits Ms. Frentz complied with the Candidacy Committee pre-requisites as set forth in Dean Valdez's letter, but argues the tenor of the letter merely allowed Ms. Frentz to reapply for admission with no guarantee of acceptance.
Opposing the summary judgment, Ms. Frentz cites the November 15, 1990 letter to her from Ms. Margaret Campbell, Dean of the School of Social Work which states in part:
This is to summarize our meeting of 15 November 1990 in which we discussed your status at the Tulane School of Social Work.
. . . . .
Today I reaffirm with you that all of the conditions as laid down by this Candidacy Committee in items 1-5 must be followed if you wish to remain in our Master of Social Work program. (emphasis added).
On review of a grant of summary judgment, the appellate court determines whether the supporting documents were sufficient to resolve all material factual issues. If so, the court then considers whether any evidence presented by the opposing party tended to show that material facts were still at issue. Danna v. Barq's, Inc., 612 So.2d 253, 254 (La.App. 4 Cir.1992).
Comparing the tenor of Dean Campbell's letter, particularly the underlined verbiage, to that of Assistant Dean Valdez's, raises an issue as to what Ms. Frentz was led to expect would result from her compliance with the five conditions imposed by Tulane. Assuming Dean Valdez's letter cannot be read to make assurances of remaining in the program, Dean Campbell's letter provides that compliance with the five prerequisites would allow Ms. Frentz "to remain" in the program. We are unable to reconcile the two letters. At the very least, they are confusing and contradictory. Because the mover for summary judgment has the burden of establishing that no material factual issues exist, inferences to be drawn on the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion. Potter v. First Federal Sav. and Loan Ass'n of Scotlandville, 615 So.2d 318, 325 (La.1993).
Considering the foregoing, we reverse because Tulane has failed to sustain its burden of proving there is no genuine issue of material fact which would entitle it to summary judgment as a matter of law.
REVERSED.